## Philadelphia & Reading Coal & Iron Co., Plff. in Err., v. John W. Hoffman et al.

Where goods are sold under a warranty as to quality, damages may be recovered for the breach of the contract to deliver goods of that quality, which shall include all loss which is the natural or probable consequence of the breach.

(Decided February 1, 1886.)

Error to the Common Pleas, No. 2, of Philadelphia County to review a judgment for plaintiff in an action for damages for breach of contract. Affirmed.

The defendants were the manufacturers of certain material used and employed in the manufacture of merchant bar iron, called muck bars, and the plaintiff, being a dealer in them, was

Cited in Joseph v. Richardson, 2 Pa. Super. Ct. 208, 38 W. N. C. 489, 27 Pittsb. L. J. N. S. 138.

NOTE.—See Pratt v. Paules, 8 Sad. Rep. 40, 4 Atl. 751.

The measure of damages is ordinarily the difference in the value of the article delivered and that contracted for. Youghiogheny Iron & Coal Co. v. Smith, 66 Pa. 340; Struthers v. Clark, 30 Pa. 210; Rice v. Olin, 79 Pa. 391. But the vendee cannot recover the expenses incident to the adjustment of differences between himself and another to whom he made a resale of the goods in controversy. Joseph v. Richardson, 2 Pa. Super. Ct. 208, 38 W. N. C. 489, 27 Pittsb. L. J. N. S. 138. Consequential damages can only be recovered in case such loss can be considered to have been in contemplation of the parties at the time the contract was made. Dixon-Woods Co. v. Phillips Glass Co. 169 Pa. 167, 32 Atl. 432; Wade v. Haycock, 25 Pa. 382; Reaney v. Culbertson, 21 Pa. 507.

desirous of procuring a quantity to be sold to a corporation in San Francisco to be used by it. The customer required a certain quality known and called "strictly neutral,"—that is, having the quality of bending without breaking or cracking, and of producing merchantable bars, of all which the defendants had notice. The defendants, knowing of the peculiar requirements of the customer, agreed to sell a certain quantity of iron to be, when delivered, strictly neutral. The bars as shipped were of a different quality and character. This action was brought to recover damages for the breach of contract.

The court charged, in part, that, where goods were bought for a specific purpose and required for a specific use, and to have certain specified qualities, and the party undertakes to guarantee that it shall have those qualities, then the seller shall compensate the buyer for all damages which are the natural and probable consequences of his breach of contract.

The court further charged the jury that they should consider the expenses to which the plaintiff was put, and determine if such were the natural and probable consequences of the breach of contract, since it was entitled to recover compensation for all that was lost.

Verdict for plaintiff for $10,239.13.

*Thomas Hart, Jr.,* for plaintiff in error.

*R. C. McMurtie* and *John G. Johnson* for defendants in error.

PER CURIAM:

We are clearly of opinion that the contract of sale in this case created a warranty as to the quality of the iron. In view of the place where the parties understood it was to be used, we see no error in ascertaining the damages there. The purchasers had a right to rely on the contract and to recover damages of the vendor, who was also the manufacturer, for a breach thereof.

Judgment affirmed.