# Callahan *v.* Gorson, Appellant.

*Contract—Sale—Guaranty—Warranty—Form of action.*

In an action of assumpsit where it appears that the defendant sold to the plaintiff an automobile, which was stated to be of a particular model, in use less than a year, and in good condition, and is "guaranteed for a year," and the plaintiff pays and delivers over the whole consideration, which was cash and another automobile owned by plaintiff, the plaintiff is entitled to recover back the whole consideration where it is shown that the car was not of the model stated, that it had been used for two years, and that while in use for two weeks it had developed numerous defects such as rendered it unserviceable and made necessary frequent repairs.

The action brought by the plaintiff was not in deceit, but was properly in assumpsit since it set up a warranty and alleged a breach.

In such a case it is not necessary for the plaintiff to demand a return of the car which she had delivered to the defendant, where it is shown by the uncontradicted evidence that the defendant sold the car within three or four days after he received it.

Argued Nov. 10, 1916.   Appeal, No. 102, Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., Oct. T., 1915, No. 169, on judgment for plaintiff in case of Mary Callahan v. Samuel Gorson, trading as Gorson's Automobile Exchange.   Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit for breach of warranty.

The case was tried by BONNIWELL, J., without a jury.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff for $495.

*David Phillips,* for appellant.

*William A. Carr,* with him *W. Horace Hepburn* and *Sidney L. Krauss,* for appellee.

OPINION BY HENDERSON, J., December 18, 1916:

The plaintiff's action arises out of a contract with the defendant for the purchase of an automobile.   Her allegation was that the defendant agreed to sell her a Paige touring car of the 1914 model which had been used less than a year; that the car was represented to be in good condition, and was "guaranteed for a year"; that the price was $875, $325 of which was paid in cash at the time of purchase and $225 by way of exchange of a Packard car owned by the plaintiff and delivered to the defendant, the balance to be paid in weekly installments. The plaintiff took the car and her son used it at times for

about two weeks during which period, as shown by the plaintiff's evidence, numerous defects were developed, such as rendered it unserviceable and made necessary frequent repairs.

There was evidence that the car was of the 1913 and not the 1914 model, and that it had been in use for more than two years instead of less than one as represented by the defendant's selling agent. Having applied to the defendant to make good his guarantee which application was refused the plaintiff returned the car to the defendant's place of business and brought this action to enforce the guarantee. The defendant contended (1) that he never sold the car to the plaintiff, that it was in fact sold by him to the Auto Transit Company, with which company the plaintiff entered into a conditional lease for the rental and subsequent purchase of the car; (2) that if the transaction was a sale by the defendant to the plaintiff as there was no averment made or proof offered of a demand by the plaintiff on the defendant to return the Packard car which she delivered to the defendant and as the Paige car had been used by the plaintiff for two weeks or more, she had not only not made a complete rescission of the contract, but had also been guilty of laches in attempting such rescission; and (3) the action is one of deceit, while in form an action of assumpsit and it was, therefore, incumbent on the plaintiff to prove the defendant's knowledge of the falsity of the representations. The first proposition arises out of a transaction which the learned trial judge characterized as "a cunning fraud" attempted to be perpetrated on the plaintiff. The evidence shows that the plaintiff came to pay the hand-money and deliver her car to complete the purchase. The defendant gave a receipt for the payment of $325 and said to the plaintiff: "You go down to 10th and Chestnut, that is our big bookkeeping department, and you pay the balance there." It was explained to her by the defendant's agent that they had no room at the place where their automobiles were kept and she was di-

rected to go down and pay the money where the book-keeping was done. When there a paper in the form of a lease was prepared which recited that the plaintiff had turned over a secondhand Packard car for $225 to the Auto Transit Company and that she had paid to that company $325 in cash. She was also given a receipt book where the receipts for the installments to be paid by her on the balance of the purchase-money were to be entered. This book was opened in the name of the defendant. The lease given to the plaintiff contained the following clause: "This car is positively not guaranteed by this company. This agreement constitutes the entire contract between both parties." It was developed by the evidence that the Auto Transit Company received a commission of ten per cent. for transacting this business for the defendant and the plaintiff testified that the defendant had stated to her that the Auto Transit Company was his agent. It is quite evident from the facts disclosed that the connection between the defendant and the Auto Transit Company in the transaction was only intended to shift responsibility for his guarantee or the misrepresentation of his agents from the defendant's shoulders. There is scarcely a denial of the fact that the sale of the automobile was made directly to Mrs. Callahan at the defendant's place of business, and that about three-fifths of the purchase-money was then paid as a result of which she acquired title to the property subject to the right of the vendor to retain possession to secure the deferred payment. He had no right thereafter to sell the car to the Auto Transit Company or by the device resorted to to deprive her of the title which she had acquired and the evidence was sufficient to warrant the trial judge in holding that the Auto Transit Company was the agent merely of the defendant. The representation of that company in the lease given to the plaintiff that they owned the automobile and that she had made a payment to them on the purchase-price was concededly untrue, and the transaction was a thinly veiled attempt to deprive her of

329, (1916).]          Opinion of the Court.

whatever right she had acquired by the purchase from the defendant. It was unnecessary for the plaintiff to demand a return of the car which she delivered to the defendant as part of the consideration for the car which she bought; moreover the uncontradicted evidence showed the defendant sold her car within three or four days after she delivered it, thus having put it out of his power to return it.

It is a misapprehension to assume that the plaintiff's action is essentially one of deceit. She set up a warranty and alleged a breach. The trial court having found that the defendant had made default a verdict for damages for the breach of warranty necessarily followed. If the contract was for the sale of a specific kind of car and of a defined quality to be used for a particular purpose as alleged then there was a warranty and such contract may be enforced. The law applicable to the case is set forth in Groetzinger v. Kann, 165 Pa. 578, where numerous authorities are cited which support the plaintiff's position. We do not regard any of the reasons suggested by the learned counsel for the appellant as sufficient to justify a reversal of the judgment. The conclusions of fact of the trial judge were sufficiently supported by the testimony.

The judgment is affirmed.