# McLaughlin, Appellant, *v.* Victor Motor Supply Co. et al.

*Sales—Personal property—Passing of title—Replevin.*

Where a plaintiff made a contract for the purchase of an automobile, and gave part of the price, agreeing that the title was to remain in the vendor until the whole consideration was paid, he can not recover the machine in replevin proceedings, where the evidence shows that he never acquired actual title to the car, and

that his agent, to whom he had intrusted the money for the balance due, had failed to carry out his instructions, and that a third party had acquired a good title to the property in question.

Argued Nov. 14, 1918. Appeal, No. 101, Oct. T., 1918, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., March T., 1916, No. 4111, in favor of intervenor in the case of Arthur L. McLaughlin v. Victor Motor Supply Co. and Milton Stern, trading as Auto Transit Co., Intervenor. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and WILLIAMS, JJ. Affirmed.

Replevin for automobile. Before SHOEMAKER, J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for intervenor. Plaintiff appealed.

*Error assigned,* among others, was refusal to enter judgment for plaintiff n. o. v.

*I. Emanuel Sauder,* for appellant.—The plaintiff's title and right to possession was clearly established: Callahan v. Gorson, 65 Pa. Superior Ct. 329; Simon & Sons v. Emery, 254 Pa. 569; Com. v. Lintott, 64 Pa. Superior Ct. 328; Young v. Couche, 52 Pa. Superior Ct. 592; Burgert v. Fitch, 43 Pa. C. C. 397; Shorley v. Machine Co., 42 Pa. C. C. 83.

The vendor could make no title to the intervenor: White v. Gunn, 205 Pa. 229; Bank of No. Amer. v. Motor Co., 235 Pa. 194; Birkle v. Coleman, 50 Pa. Superior Ct. 105; O'Rourke v. Blocksom, 69 Pa. Superior Ct. 93.

*David S. Malis,* and with him *Maxwell Pestcoe,* for appellee.—The sale was for cash and title could not pass until all the purchase-price was paid: Robb v. Zern, 42 Pa. Superior Ct. 182; Welsh v. Bell, 32 Pa. 12; Hand v.

Matthews, 208 Pa. 149; Brown v. Reber, 30 Pa. Superior Ct. 114.

Opinion by Henderson, J., April 21, 1919:

The plaintiff issued a writ of replevin for an automobile, the title to which he claimed. No defense was presented by the defendant, but Milton Stern, doing business as Auto Transit Company, intervened and defended the action, alleging that he was the owner of the car. The trial judge gave binding instructions for the plaintiff, as to the Victor Company, and for the defendant, as to the intervening party. From the material evidence, which is not contradicted, it appears that the plaintiff made a contract with one, Stetson, for the purchase of a second-hand automobile for $700, on which price the seller accepted a car of the plaintiff's at the valuation of $275. It was the understanding between the vendor and vendee that the purchase was to be a cash transaction, and that the car was to remain in the possession of the vendor until the whole of the purchase-price was paid. The plaintiff subsequently obtained a check for $430 which he placed in the hands of one, McCloskey, with instructions to collect the money thereon and pay to Stetson the balance due on the car. McCloskey received the money on the check, but only paid to Stetson $225 on the plaintiff's account. There was therefore a balance of $200 remaining unpaid on the purchase-price. McCloskey, who seems to have been managing the business for the plaintiff, arranged with Stetson to go to Stern's place of business and obtain from Stern the amount due on the car. This was done by the making of a bill of sale from Stetson to Stern, whereupon the latter paid the balance due. A lease of the car, with a right of purchase, was then given by Stern to McCloskey. Stern was not informed that the plaintiff had an interest in the car, and as the transaction was concluded, Stern took the place of Stetson with respect to the car. The sale by Stetson having been a cash sale,

and it being understood by the plaintiff, as well as by Stetson, that the latter was to retain possession of the car until the price was paid in full, the plaintiff could not demand the car until he had paid or tendered to Stetson, or to the person who had succeeded to Stetson's right, the balance due. Where a sale is for cash and without actual delivery, the property does not pass to the vendee until payment of the consideration: Welsh v. Bell, 32 Pa. 12; Mitchell v. Zimmerman, 109 Pa. 183; Hand v. Matthews, 208 Pa. 149. The fact that a sufficient fund was placed in McCloskey's hand to pay Stetson the balance due does not relieve the plaintiff. However unfortunate he may be, by reason of his misplaced confidence, the default of McCloskey does not put the plaintiff in a better situation with reference to the amount due to Stetson, and as there was no tender to Stetson, nor to Stern, it cannot be contended that property in the car had vested in the plaintiff at the time the replevin was issued. If it had been delivered to the plaintiff, the case would bear a different complexion, but it is conceded that there had not been delivery before Stetson received the last payment of the purchase-price. The cases of Callahan v. Gorson, 65 Pa. Superior Ct. 329, and O'Rourke v. Blocksom, 69 Pa. Superior Ct. 93; relied on by the appellant, were actions between the vendee and the vendor. There had been a delivery of the car in each case and deceit in the sale of the car was alleged by each of the vendees. They do not aid the appellant in this case. Until he completed the purchase of the car by the payment of the price agreed on, or the tender of the balance due, he had not acquired a title which he could assert against his vendor or the person to whom the latter transferred the property. The learned trial judge was not in error therefore in giving binding instructions for the intervening defendant.

The judgment is affirmed.