## Stetson *versus* Croskey.

1. As a general rule, a plaintiff cannot give evidence in rebuttal which might be given in chief; but when the defence is new matter conflicting *inferentially*, not *directly*, with plaintiff's case, he may rebut it, although the evidence might have been admitted in chief.

2. In an action of deceit in the sale of a vessel, the only standard of damages is the difference between her value as represented, and her value as she really was.

3. The plaintiffs having proved what it cost to repair the vessel, as tending to show the difference of value as represented and as she was, proof by the defendant of the value of the vessel as she was, was meeting what the plaintiffs were bound to prove, and evidence by plaintiffs bearing on the measure of damages being but cumulative, was inadmissible in rebuttal.

ERROR to the District Court of *Philadelphia*.

This was an action on the case by James P. Stetson, Thomas E. Corson and thirteen others against Henry Croskey and Babel H. Irons.

The action was for deceit in the sale by defendants to plaintiffs, of the schooner Clara, it being alleged in the first count of the declaration that the defendants represented that the vessel was not worm-eaten, when she was so in fact, and that it was known to the defendants, and in the second count—that the defendants, by divers artifices and contrivances, concealed the defect from the plaintiffs. The plaintiffs proved the purchase of the vessel for $14,000 : they gave evidence also to show that she was worm-eaten ; that the defendants knew she was so, also of declarations of Irons, one of the defendants, to others that she was worm-eaten, and of means being used to conceal the defect. They also proved the repairing of the vessel, and asked the ship carpenter who did the work, the difference of value in her unsound and in her sound condition. His answer was, that she would be worth just as much less as the amount it cost to repair her. The plaintiffs also gave evidence of the amount of loss by detention in repairing, and claimed these two items as making up the difference in value. The defendants gave evidence tending to show that the vessel in her unsound condition was worth as much as the plaintiffs paid for her.

The plaintiffs in rebuttal offered " to show the value of the vessel if sound at the time of sale, in order to contradict the witnesses on the part of the defendants as to the value of the said vessel at that time."

Upon objection by the defendants the court (Hare, J.) rejected the offer, and, there being a verdict for the defendants, this rejection was assigned for error.

*R. C. McMurtrie* and *M. P. Henry*, for plaintiffs in error.— The cost of repairs and loss of employment are the most just standard, and the lowest allowed by law: Thompson *v.* Burgey,

[Stetson *v.* Croskey.]

12 Casey 403; Cothers *v.* Keever, 4 Barr 168. Relying on this lowest standard, the plaintiffs closed. It was not material for them, in the first instance, to show the value of the vessel, unless to exaggerate damages. The most powerful use to be made of the testimony of defendants as to the value, was to contradict the evidence of unfair dealing, by showing that the plaintiffs did not pay the price of a sound vessel. The plaintiffs were not expected to anticipate such defence; the evidence rejected was therefore admissible. Evidence should not be rejected on slight grounds on account of the time at which it was offered: Devall *v.* Burbridge, 6 W. & S. 530; Levers *v.* Vanbuskirk, 4 Barr 309; Siddle *v.* Walters, 5 Watts 389.

*A. H. Smith* and *J. A. Clay*, for defendants in error.—The admission or rejection of evidence in rebuttal is discretionary, and therefore not the subject of a writ of error: Duncan *v.* McCulloch, 4 S. & R. 480, 482; Columbia Bridge *v.* Kline, 6 Penna. Law Jour. 317.

The difference between the sound and unsound value was the gist of the plaintiffs' case, and they were bound to prove it in chief. The evidence they offered in rebuttal was to this point.

The opinion of the court was delivered, May 15th 1866, by

Strong, J.—The general rule is, that a plaintiff cannot claim as a right to give as evidence in rebuttal that which he might have given in chief. To this there are doubtless several exceptions not easily susceptible of classification. Most of them, however, are allowed in cases where the defence set up is some new matter, not directly but only inferentially conflicting with the averments of the plaintiff. Such a defence and the evidence to support it may not be anticipated, and hence a plaintiff is allowed to assail it by rebutting evidence, though that evidence may have been admissible in chief. In the case now before us the evidence offered by the plaintiffs and rejected by the court does not appear to come within any recognised exception to the general rule. The plaintiffs sued for false and fraudulent representations in the sale of a vessel. It was incumbent upon them in the outset to prove both the fraud and the extent of the injury resulting from it. Assuming the fraud to have been proved, the damages recoverable were to be measured by the difference between the value of the vessel as she was represented to be and her value as she really was. There was no other standard. What it would cost to repair the vessel and put a new bottom upon her (the evidence submitted at first to show the amount of damages), was pertinent only because it tended to prove the difference in value between the vessel as she was, and what her value would have been if the representation of the plaintiff had been true. It is plain, therefore, that the evidence given by the defendants to show the

[Stetson *v.* Croskey.]

value of the vessel as she was, and what her value would have been had she been sound, was a direct answer to the plaintiffs' case. It was meeting what the plaintiffs were bound to prove, and what they had attempted. It had reference exclusively to the amount of damages recoverable, if any. It had nothing to do with the averment of fraud—with the question whether false representations had been made. If the purchasers obtained a good bargain, they were entitled to the benefit of it, and that benefit cannot be set off against their claim that the sellers shall make good their false assertions. So if the purchasers made a bad bargain, their loss cannot swell the damages recoverable for fraud. Looking, then, at the evidence submitted by the defendants as bearing upon the measure of damages, the evidence of the plaintiffs offered in rebuttal was but cumulative proof of the precise thing which they were bound to establish as a part of their case, and which they had attempted to establish by their evidence in chief. It was not an answer to a new and unexpected defence, only inferentially conflicting with their allegations. Hence it was not error in the court to refuse its admission.

Judgment affirmed.

Thompson and Agnew, JJ., dissented.