# High *v.* Berret, Appellant.

*Deceit—Sale of stock—False representations.*

There can be no recovery for deceit in the sale of stock without proof that the sale was effected by means of representations made to the buyer, which were known to the seller to be false.

*Proof—Witnesses—Jury.*

Where there is evidence sufficient to take a case to the jury, and it has been properly submitted, their decision of the question is final.

The appearance and manner of a witness is part of his testimony, and the jury having the witnesses before them, are in a position to settle their credibility by tests that are much more satisfactory than can be applied by the court in reviewing the printed testimony.

*Deceit—Measure of damages—Speculative profits.*

The measure of plaintiff's damages in an action for deceit in the sale of stock, is the loss which the deceit practiced upon him inflicted; that is, the difference between the real value of the stock at the time of the sale and the fictitious value at which he was induced to purchase.

His actual loss does not include the extravagant dreams which proved illusory, and which he may have been induced to entertain by reason of the representations which were made to him, but simply the money he has parted with without receiving an equivalent therefor.

*Error in trial—Excessive verdict—Subsequent reduction by the court.*

Where the trial judge, through an erroneous view of the law, improperly admitted testimony and erroneously charged the jury, with the result that there was a recovery both for actual loss and anticipated speculation; but the court subsequently corrected this error by requiring the plaintiff to remit so much of the verdict as represented the speculation, leaving it to stand for the difference; substantial justice having been reached, the court on appeal will not interfere with the verdict as reduced.

Argued March 3, 1892.   Appeal, No. 173, July T., 1891, by defendant, Samuel Berret, from judgment of C. P. Berks Co., Feb. T., 1889, No. 14, on verdict for plaintiff, William R. High.   Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Trespass to recover damages for deceit in sale of mining stock.

At the trial before ENDLICH, J., it appeared that plaintiff was induced by defendant to purchase fifty shares of stock of the Phœnix Plumbago Company (of the par value of $100 each), which was organized to purchase the mine and machinery of a former company.   Plaintiff alleged that the representations made to him by defendant as to the success of the old company and the amount of ore in the mine, were false and fraudulent.

After continuing the business for a little more than two years, the new company failed.   During its continuance, plaintiff was a member of the board of directors and for a part of the time he was president of the board and manager of the works.   Defendant was a director during the second year of the company's existence.

The plaintiff being on the stand was asked what, in his opinion, the fifty shares of stock which he purchased from defendant at $100 per share would have been worth if defendant's representations had been true.   Objected to on the ground that plaintiff had not shown that he was an expert in such matters; objection overruled; plaintiff testified that if the representations were true, the actual value of the stock would have been not less than $150 per share. [3]

Plaintiff offered in evidence the dividend book of the former company for the purpose of showing that the old company, which defendant had said made lots of money, had ceased paying dividends for a period of over four years before the old company wound up, to be followed by testimony that about four years after the declaration of the last dividend the old company had become insolvent.

" The Court. We will admit the books for the purpose of showing the actual amount of dividend in connection with the

statement testified to by the plaintiff that the old company made lots of money and paid big dividends." Exception. [4]

For the purpose of affecting the credit of one of defendant's witnesses, plaintiff proposed to ask him whether he, having sold his stock to a third party, did not represent to said third party that there was plenty of ore in the mine, making substantially the same representations to his vendee that plaintiff alleges defendant made to him, and as to whether his said vendee did not bring an action against him alleging that the representations were false. This for the purpose of affecting his credibility and showing his interest in the subject of the controversy. Objected to; admitted; exception. [5]

Defendant submitted, inter alia, the following points:

" 1. Under all the evidence in the case the verdict must be for the defendant.

" 2. The plaintiff has not shown that if the representations which he alleges were made by the defendant had been true, the value of his stock would have been greater than the amount paid therefor. *Answer.* The first and second points submitted by the defendant are refused." [1, 2]

Verdict for plaintiff for $4,000, which the court on motion for a new trial caused the plaintiff to reduce to $1,500, for which amount judgment was entered. Defendant appealed.

*Errors assigned* were (1, 2) refusal of defendant's first and second points, quoting the points and the answers; (3–5) admission of evidence, quoting bills of exceptions.

*C. H. Ruhl,* of *Ermentrout & Ruhl,* with him *Baer & Snyder,* for appellant.

*Cyrus G. Derr, D. N. Schaeffer* with him, for appellee.

OPINION BY MR. JUSTICE WILLIAMS, March 28, 1892:

This is an action brought to recover damages for deceit in the sale by the defendant to the plaintiff of shares of stock in a mining company. There could be no recovery, without proof that the sale was effected by means of representations made to the buyer, which were known to the seller to be false. The appellant contends that the proof upon this subject was insufficient to justify the court below in submitting it to the jury, and assigns as error the refusal of the learned judge to withdraw it altogether from their consideration. We have

read the testimony with some care. As it is presented to us upon the printed pages of the paper books, we should not have been surprised at a different verdict; but we do not forget that the appearance and manner of a witness is part of his testimony. The jury had the witnesses before them. They were in a position to settle their credibility by tests that are much more satisfactory than we can apply to these pages, and they were persuaded that the plaintiff was defrauded in the transaction. There was evidence sufficient to carry the question to the jury. It was carefully submitted, and the jury have found the fact of the deceit.

The remaining question is, what is the proper measure of the plaintiff's damages. His damages should equal the loss which the deceit, which the jury have found was practiced upon him, inflicted. The loss, in the transaction before us, is the difference between the real value of the stock at the time of the sale, and the fictitious value at which the buyer was induced to purchase. The representations may have been so artfully made as to inflame the expectations of the buyer to an unreasonable extent, and excite hopes of enormous gain. His actual loss does not include the extravagant dreams which proved illusory, but the money he has parted with without receiving an equivalent therefor. The learned judge was therefore in error in the view he seems to have entertained upon this subject during the trial; and the result of the testimony improperly admitted, and of the erroneous instruction upon this subject, was a recovery, both for the actual loss and the anticipated speculation. This, however, the learned judge has since corrected by requiring the plaintiff to remit so much of the verdict as represents the speculation, leaving it to stand for the difference between the value of the property which the stock represents and the price paid for the stock. Under the circumstances of this case we think substantial justice is reached by this action of the court below, and the judgment entered upon the verdict, as thus reduced, is now affirmed.