# George W. Lukens *v.* John Aiken, Appellant.

*Sale—Rescission—Misrepresentations—Contract—Damages.*

A purchaser of personal property who has been imposed upon or misled by false and fraudulent representations has the right either to rescind the contract, return the property purchased, and to demand the return to himself of the purchase money, or to retain the property purchased and defend against the purchase money, or recover in an action for the deceit the difference between the value of the goods as represented or warranted and their actual value at the time of the sale.

Argued Feb. 10, 1896. Appeal, No. 248, Jan. T., 1895, by defendant, from judgment of C. P. Chester Co., Oct. T., 1894, No. 9, on verdict for plaintiff. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Foreign attachment in assumpsit upon a promissory note for $500. Before WADDELL, P. J.

At the trial it appeared that in February, 1893, defendant bought of the plaintiff a steam traction engine, hay press and thresher for $1,200. He paid a part of the purchase money, and gave his note for the balance. Defendant claimed that misrepresentations had been made to him at the time of the sale, as to the machinery sold to him, and that the machinery was in a defective condition.

Defendant presented this point amongst others:

6. If the jury believe that false statements or express warranties were made as aforesaid by the plaintiff to the injury of the defendant, he, the defendant, is entitled to a verdict not only for the money he has already paid on said machinery with interest, but also for all money he has expended for repairs by reason of the inferior quality of said machinery and for the time he has lost on account of said condition of said machinery. *Answer:* I cannot affirm that point in the language in which it is quoted. It strikes my mind that there is a combination of acts; an effort to rescind the contract, and also an effort to recover damages by reason of the breach of the contract. If he has the right to rescind the contract and elects to rescind it, he is entitled to have back all the money paid on account of the

contract; but if he chooses to retain the property, and at the same time claim damages for the injury he may have sustained, that is another thing. He has a right to retain the property, and in that event he would only be entitled to recover such damages as the jury might think he had suffered, and that would not necessarily be the amount of money he had paid on account of the contract. [1]

Verdict and judgment for plaintiff for $539.94. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*W. S. Harris*, for appellant.—If fraud or express warranties to the injury of the defendant were proved and believed by the jury they had a right to award damages for the natural and probable consequences of the breach of such warranties as well as for the injury sustained by reason of the fraud: Phila. & Reading Co. v. Hoffman, 4 Atl. Rep. 848; Pierce v. Lewis, 17 Pa. 51; Shaw v. Badger, 12 S. & R. 275; Weimer v. Clement, 37 Pa. 147; Pennell v. Grub, 13 Pa. 551; Gibson v. West. N. Y. & P. R. R., 164 Pa. 142.

*Thomas W. Pierce* and *George B. Johnson*, for appellee, were not heard.

OPINION BY MR. JUSTICE WILLIAMS, March 2, 1896:

This appeal depends upon the correctness of the rule given by the learned judge of the court below to the jury upon the measure of damages to which the defendant was entitled. The action was upon a note given by the defendant for a balance of purchase money due to the plaintiff for machinery bought of him. The defense was that the purchase of the machinery was induced by false representations made by the plaintiff as to the character, effectiveness and state of repair of the machinery at the time of sale. Evidence was given upon the trial tending to show that false representations were made to the defendant, and that he had expended some money and lost some time in the effort to put the machinery in good working condition, with however but indifferent success. Upon this state of the evidence he asked the court to tell the jury that he was entitled

not only to defeat a recovery upon the note, but also to recover back all the purchase money previously paid, all the expenses incurred, and compensation for all time lost, without having rescinded the contract or returned the machinery. This, the learned judge declined to do, but instructed the jury that one who had been imposed upon or misled by false and fraudulent representations must elect which of two courses of conduct he would pursue. He had the right to rescind the contract, return the articles purchased, and demand the return to himself of the purchase money; or he could retain the property purchased and defend against the purchase money, or recover in an action for the deceit the difference between the value of the goods as represented or warranted, and their actual value at the time of the sale. This was a correct statement of the law applicable to the facts alleged by the defendant and we see no reason for complaint on his part. The assignment of error which embodies this instruction is overruled and the judgment is affirmed.