# West Homestead Borough *v.* Erbeck, Appellant.

*Appeals—Assignments of error—Rulings on evidence—Reference to page of paper-book.*

1. Assignments of error to the admission of evidence will not be considered where they do not contain any reference to the page of the paper-book or appendix, where the matter may be found in its regular order in the printed evidence or notes of trial.

2. An assignment of error referring to two bills of exceptions violates rule 26, and will be disregarded.

*Municipal contract—Action of deceit—Fraud—Engineer—Measure of damages—Charge.*

3. An action of trespass for deceit may be maintained by a borough to recover damages alleged to have been suffered through the collusive fraud of its engineer and the defendant, a contractor, by which the plaintiff was led to pay for work not done in compliance with the plans and specifications of a municipal contract for paving. The plaintiff may waive the tort and sue for a breach of the contract, but it is under no obligation to do so.

4. In such a case the trial judge correctly charges as to the measure of damages where he instructs the jury that if they were satisfied that the borough had been injured to an amount which would be required to meet the cost of taking the pavement up, and relaying it in accordance with the specifications, then that amount would be the measure of the damages; and the court commits no error in not instructing the jury to take into account in fixing the damages that the borough had retained ten per cent. of the balance shown by the engineer's final estimate, where it appears that this sum was to be held for one year for the purpose of covering the cost of any needed repairs. In such a case the defendant is not entitled to the benefit of the provision of the contract which made the decision of the engineer final and binding.

Argued November 7, 1912. Appeal, No. 160, Oct. T., 1912, by defendant, from judgment of C. P. Allegheny Co., Second Term, 1908, No. 111, on verdict for plaintiff in case of West Homestead Borough v. F. J. Erbeck. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for deceit. Before SHAFER, J.

The facts appear by the opinion of the Supreme Court and by the previous report of the case in 230 Pa. 316.

Defendant presented the following points:

1. That under the pleadings and evidence in the case, the verdict of the jury must be in favor of the defendant.

Answer: Refused. (1)

2. That the plaintiff by its evidence in the case, has failed to show any tort on the part of the defendant which would sustain the present action.

Answer: Refused. (2)

3. That the plaintiff has failed to make by its evidence such a case as would justify the court and jury in setting aside the final estimate and award of the borough engineer made under the powers committed to him by the contract, Exhibit No. 1, in evidence, and therefore the verdict of the jury must be for the defendant.

Answer: Refused. (3)

The court charged in part as follows:

Now, as to the question of damages. As I understand the plaintiff's claims for damages in this case, and the only evidence it has given which would tend to show what the damages were, was that this pavement ought to be taken up and a proper amount of sand and gravel put under it, and then the paving relaid again, and that the borough has suffered a loss to that extent. In every case of this sort, that is, in every case founded upon a tort, the measure of damages is the amount of wrong or injury that has been done to the plaintiff, and if that is connected in some way with a contract, it is not, as I have said, founded on the contract, and you cannot in an action of tort enforce a contract; that is, you cannot get your contractual rights by suing a man in trespass. All you can get in suing a man in trespass is compensation for the actual injury done, excepting under certain circumstances, which do not apply to this case. Now, if you are satisfied from this evidence that this borough has lost and has been made worse by the amount that it would take to take this pavement up and put it back again, then that would be the measure of damages. You have heard the plaintiff's testimony about that. I understood the plaintiff to claim that it was $31,000 or $30,000 at least. One gentleman testified it will cost $31,000. My recollection is that others testified to other amounts. You will remember them, and perhaps one man said it was $20,000 and $16,000, and so forth. Those figures are all given as the cost of doing the same thing; that is, to take up this pavement and relay it again all over the town. As I have said, that is the only measure of damages furnished you here, and if you are satisfied by the weight of the evidence that the borough has been injured to that extent—and that that ought to be done, and that is what a reasonable person owning the streets or controlling the streets would do with them to make them right, then that would be the measure of damages. That is the only measure

of damages we have, and, therefore, I will have to say to you if you are not satisfied by the weight of the evidence that that has to be done, and that the borough has been damaged that much, so that this paving ought to be taken up, even if it has been damaged in other ways, you not having any evidence about it cannot give a verdict of any other sort that I can see. Therefore, if you are not satisfied that is the proper damage in this case and that the circumstances of this case call for that being done, then you will have to find a verdict for the defendant. (4)

By Mr. Ferguson: With reference to the remarks on the question of damages: the evidence shows that some $3,000 of the contract price remains in the hands of the borough.

By the Court: We have nothing to do with that. This is purely and simply an action of tort. The only question is, what damages they are entitled to, if any. (5)

Verdict and judgment for plaintiff for $18,250. Defendant appealed.

*Errors assigned* were (1-5) above answers and instructions, quoting them.

*J. S. Ferguson,* with him *R. C. Davis,* for appellant.

*F. C. McGirr,* with him *John Marron,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 6, 1913:

This was an action of trespass in which the Borough of West Homestead sought to recover damages for deceit practiced upon it by the defendant, in the performance of certain work under a contract for grading, paving, curbing and improving streets. Under the specifications the work was to be done to the satisfaction of the borough engineer, and the compensation of the contractor was dependent on the estimates of the engineer. In its statement of claim the borough charges that de-

fendant did not perform the work in various particulars enumerated, according to the contract and specifications, but that he fraudulently caused the borough engineer to give false estimates of his work, which represented that it had been performed in accordance with the specifications, and that on the strength of these false and fraudulent estimates, he was paid by the borough. Upon the trial the plaintiff offered evidence to show that while the contract and specifications called for a foundation under the pavement of seven and a half inches of Allegheny river gravel, and upon that one and a half inches of sharp river sand, making the total depth of the foundation nine inches, yet the actual depth of the foundation laid by the defendant was not much more than half of that required, and did not exceed five inches in depth. Contrary and explanatory testimony was offered by the defendant, but the question of performance was submitted to the jury, and they found that the contract had not been properly performed.

As to the measure of damages, the trial judge instructed the jury that the borough was entitled to compensation for the loss which it suffered by the deceit, and that if they were satisfied from the evidence that the borough was injured to the extent of the cost of taking up and relaying the pavement, to make it conform to the specifications, then that amount would be the proper measure of damages. The jury found a verdict for the plaintiff in the sum of $18,250. Motions for a new trial and for judgment for defendant non obstante veredicto were refused, and judgment was entered on the verdict.

Defendant has appealed, and his counsel have filed nine assignments of error. The sixth, seventh and eighth assignments are to the admission of evidence. These specifications all violate Rule 28, in that they do not contain any reference to the page of the paper book or appendix, where the matter may be found in its

regular order in the printed evidence or notes of trial.
The sixth assignment also violates Rule 26, in referring
to two bills of exceptions.     These assignments will,
therefore, be disregarded.

In the first, second and ninth assignments, there is
raised the question of the right of the plaintiff to main-
tain an action of trespass in deceit under the evidence
in this case.   That question was practically settled when
this case was here on a former appeal, West Homestead
Borough v. Erbeck, 230 Pa. 316.   A nonsuit had been
entered on the ground that an action of deceit would
not lie until the plaintiff had first obtained from a
court of equity a decree setting aside the alleged fraudu-
lent and collusive estimates of the borough engineer.
We held that ruling to be error, and said, Per Curiam,
that if the suit had been by the contractor against the
borough, the defendant "would not have been required,
under our system of administering equity in common
law proceedings to first go into a court of chancery to
have the estimates declared void, but, under its charge
of fraud and collusion, could have directly attacked
them in the suit on them by the contractor; and the con-
verse of this is true in this action to recover what the
borough offered to prove had been obtained from it
by the combined fraud of its engineer and contractor.
The gist of its complaint is this fraud, and in the face
of such a charge, if made and sustained, even in a col-
lateral proceeding, neither record, award, judgment nor
decree will furnish shelter to the wrongdoer."

Plaintiff's statement avers the contract, and alleges
that defendant pretended performance thereof, and from
time to time procured from the borough engineer false
and fraudulent estimates, and received payment thereof
from the borough.   The particulars in which defendant
failed to comply with the contract, and in which the
estimates were false and fraudulent, were set forth.
These averments were supported by evidence at the trial.
Upon the facts as developed, it appeared that plaintiff

might have brought suit either in trespass or in assumpsit. In Smith v. Bellows, 77 Pa. 441, Mr. Chief Justice Agnew said (p. 448) : "The same circumstances of fraudulent imposition, showing that the defendant had obtained the money of the plaintiff, which ex equo et bono, he ought to return, would support either form of action (assumpsit or deceit)." To the same effect are the decisions in Humbird v. Davis, 210 Pa. 311; Whitney v. Haskell, 216 Pa. 622, and Stanton v. Railway Co., 236 Pa. 419. In the latter case it is pointed out in the opinion, that it is only where one in the commission of a tort, makes a profit out of the unlawful act, that the injured party may waive the tort and sue in assumpsit. In the present case the defendant did undoubtedly make a profit out of his wrongdoing, so the plaintiff might have waived the tort and sued for breach of the contract; but it was under no obligation to do so.

In the fourth assignment it is alleged that the trial judge erred in charging the jury as to the measure of damages. He said in substance, that if the jury were satisfied that the borough had been injured to an amount which would be required to meet the cost of taking the pavement up, and relaying it in accordance with the specifications, then that amount would be the measure of the damages. He also said that under the evidence this was the only measure of damages that could be applied in this case, and if the jury were not satisfied that the borough had been damaged to that extent, their verdict should be for the defendant. From the amount of the verdict, $18,250, it would seem that the jury adopted the measure of damages thus indicated by the court. The evidence upon the part of plaintiff as to the cost of relaying the pavement, to make it correspond with the specifications, varied from $16,000 to $20,000, one witness putting the cost in excess of $32,000. In the opinion in Stetson v. Croskey, 52 Pa. 230, which was a suit to recover damages for false and fraudulent representations in the sale of a vessel, Mr. Justice Strong

said, "Assuming the fraud to have been proved, the damages recoverable were to be measured by the difference between the value of the vessel as she was represented to be and the value as she really was. There was no other standard. What it would cost to repair the vessel and put a new bottom upon her was pertinent only because it tended to prove the difference in value between the vessel as she was, and what her value would have been if the representation of the plaintiff had been true." In High v. Berret, 148 Pa. 261, an action of deceit, Mr. Justice WILLIAMS said (p. 264): "Plaintiff's damages should equal the loss which the deceit, which the jury have found was practiced upon him, inflicted."

In the present case, the court below seems to have adopted the only practicable method of arriving at the amount of the damages. They were measured by the amount necessary to be expended to put the paving in the condition required by the terms of the contract. The damages equalled the difference in value between that which the defendant really furnished and that which he was in duty bound to furnish, and which he falsely represented that he had furnished. The borough was entitled, under its contract, to a foundation nine inches in depth, and it paid for the work upon the strength of the representation that the defendant had complied with the contract in this respect. The verdict of the jury must be accepted as establishing the fact that the borough did not get the foundation for which it contracted, and that the money which it paid for the work was obtained from it by fraud. It is no answer to say that while the specifications were not fulfilled, yet the paving was fairly good and serviceable. The borough was entitled to receive the kind and character of work for which it stipulated in the contract.

There is no merit in the fifth assignment of error, in which complaint is made that the court failed to instruct the jury to take into account in fixing the damages, the fact that the plaintiff still had in its hands a portion of

the contract price. The jury were properly instructed that the only question for them to consider was the amount of damages arising from the tort, and that they had nothing to do with the balance remaining in the hands of the borough. It appears from the specifications that the amount retained was ten per cent. of the balance shown by the engineer's final estimate, and that this sum was to be held for one year, for the purpose of covering the cost of any needed repairs. The evidence does not show whether or not any such repairs were made or were necessary.

In the third assignment, the question of the sufficiency of the evidence to overcome the effect of the engineer's estimate is raised. The evidence shows a fraudulent estimate by the engineer in certifying that the work had been done in accordance with the contract and specifications, when as a matter of fact the depth of the foundation was but five inches, where the contract called for nine; and that by means of this estimate, which the defendant knew to be false, he collected the money from the borough. This fraudulent representation by the defendant vitiated the whole matter, and he could not, under these circumstances, avoid the consequences of his fraud, by evoking in his favor the provision of the contract which under normal conditions would have made the decision of the engineer final and binding.

The assignments of error are all overruled, and the judgment is affirmed.