## Curtis, Appellant, *v.* Buzard.

*False representations—Sales of stock—Measure of damages— Nonsuit.*

1. The measure of damages in an action for deceit in the sale of stock is the difference between what the plaintiff was induced to pay for the stock and the actual value of it at the time of the purchase.

2. In an action to recover damages alleged to have resulted to plaintiff through false representations by the defendant to the effect that certain stock sold by him to the plaintiff had been bought by defendant at a certain price per share, where in fact he had paid nothing for it, a nonsuit was properly entered where it did not appear that the stock was worth less than the amount plaintiff had paid for it.

Argued April 24, 1916. Appeal, No. 276, Jan. T., 1915, by plaintiff, from judgment of C. P. Erie Co., Feb. T., 1914, No. 208, refusing to take off nonsuit in case of Daniel G. Curtis v. Robert T. Buzard. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for false representations inducing sale of stock.

The facts appear in the following opinion by WALL-ING, P. J.:

We are still of the opinion that plaintiff failed to show any damages ·sustained by him by reason of the alleged fraud of defendant's agent.

The two Pennsylvania cases on which plaintiff mainly relies, that of Guffey v. Clever, 146 Pa. 548, and Weaver v. Cone, 174 Pa. 104, also reported in 12 Pa. Superior Ct. 143, do not seem to sustain his position.

In the former, Guffey leased for oil and gas purposes, a tract of about fifty acres of land from Clever, and as part of the same transaction, he secured from Clever an option giving him the right to lease the adjoining tract for like purposes, and at a price equal to the best terms offered by any other person or persons therefor. Later, when Guffey elected to take the adjoining premises pursuant to the option, Clever falsely informed Guffey that he had a bona fide offer of $20,000.00 for such adjoining premises, by virtue of which false statement, Guffey was induced to pay him that amount, when in truth, his best bona fide offer from any other person was $10,000.00. Guffey thereupon brought an action of deceit against Clever and recovered the $10,000.00 of which he had been defrauded, which was manifestly right, for the fraud he had suffered damages to that amount. However, in that case prior to the fraud, Guffey had a binding contract entitling him to the adjoining tract at the best price for which Clever could lease the premises to any other person, which best price was in fact, $10,-000.00. And after his rights were thus fixed, he was defrauded of the extra $10,000.00 in the manner above stated.

In the case at bar, the plaintiff Curtis, had no interest in the corporation or a right to or option upon any of its stock until he was induced to buy the same by reason of the alleged fraudulent statements of defendant's agent.

It was all one transaction. In other words, Curtis had no contract right to stock in the corporation at the same price originally paid therefor by others. The defendant was under no contract or other obligation to give plaintiff the 750 shares of the corporate stock. The only transaction out of which plaintiff's rights accrued, was that alleged by him to be fraudulent, and if the stock, as the testimony seems to indicate, was worth all or more than the plaintiff was induced to pay therefor, he sustained no damages. So far as appears, he lost nothing by the transaction.

In the other case, Weaver v. Cone, supra, the plaintiff Weaver, was the owner of stock in a corporation which he desired to sell. The defendant Cone, had been an officer and large stockholder in the corporation and was familiar with its business and the value of its stock. Cone, who had sold his stock for $100.00 a share, falsely represented to Weaver that he, Cone, had received $80.00 a share for his stock and in substance that plaintiff's stock could only be sold for that amount. Relying upon which, plaintiff was induced to sell his stock for $80.00 a share, when in truth and in fact, the stock was in demand and had a ready sale at $100.00 a share and but for the fraud and false statement of Cone, Weaver could and would have received that amount for his stock. Clearly in that case, the measure of damages was what Weaver lost by the fraud of Cone, to wit, $20.00 a share upon his stock.

And it was so held both by the Supreme Court and by the Superior Court. And of course, in that case it was not the intrinsic value of the stock, but its selling value which fixed the measure of plaintiff's damages.

So far as we can see, that case has no resemblance to ours for there is nothing here to indicate that plaintiff could or would have received his stock for nothing or for less than $10.00 per share but for the alleged fraud of defendant's agent. This case is not an action for breach of contract in which the agreement of the parties might

afford a basis for fixing the damages, but is an action of deceit and we believe the measure of damages is what the plaintiff lost by reason thereof. And the mere fact that others secured stock in the corporation for less than plaintiff was induced to pay does not establish the fact that he sustained damages by the transaction.

It may be as contended for on behalf of plaintiff, that others who received their stock gratis are $10.00 a share better off than.plaintiff, but that does not prove that his stock is worth less than he paid for it, for perchance that of the others is worth more than they paid. There is no allegation that plaintiff was misinformed as to the actual assets or property of the corporation. We are still of the opinion that the true rule as to the measure of damages in an action of deceit for fraud in the sale of stock is, as we stated in granting the nonsuit, the difference between what the plaintiff was induced to pay for the stock and its actual value at the time of the purchase. And that while plaintiff in such case, may retain the stock and recover his actual damages, he cannot recover speculative profits.

Said rule is sustained by the weight of authorities and by the better reason. And while the case of Rice, et al., v. Olin, Exec., Etc., of Scofield, 79 Pa. 391, was an action for fraud in the sale of land, what Judge VINCENT said in his charge to the jury in that case, (p. 394) :

"If Rice did not know the real character of the land as to soil, timber and surface, and you believe he bought on that inducement alone and that he was deceived by Scofield, he can deduct from the purchase-money the difference between what he agreed and what it was then actually worth, and in our opinion no more, for if he could exceed that measure of damages a vendee of land might get a man's land for nothing, by showing that had the land been as represented it would have been worth enough more than its actual value to wipe out all the purchase-money, and thus give the vendee the land for nothing, and this we think cannot be done in any case in

1916.]    Opinion of Court below—Opinion of the Court.

which the purchase-money of land is involved," seems to be applicable here and shows the reason for the rule. And his ruling on that question was expressly affirmed by the Supreme Court.

The trial judge entered a compulsory nonsuit and subsequently discharged the rule to strike it off. Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off the nonsuit.

*Frank Gunnison,* of *Gunnison, Fish, Gifford & Chapin,* for appellant.

*John B. Brooks,* of *Brooks & English,* with him *Dowd & Quigley,* for appellee.

PER CURIAM, May 15, 1916:

This judgment is affirmed for the reason given by the learned trial judge for entering the nonsuit.