## O'Rourke *v.* Blocksom, Appellant.

*Contract — Deceit—Charge—Evidence—Measure of damages — Expert testimony.*

In an action of trespass for a deceit alleged to have been practiced on plaintiff by defendant in the sale of a second-hand automobile falsely represented as containing "a brand new motor" where the defendant claims that the plaintiff had bought the machine from a corporation, and not from the defendant's agent, and the evidence on the subject lacks all probability, and is contradicted by the plaintiff and the other evidence in the case, the trial judge cannot be convicted of error in referring to the claim as a subterfuge.

In such a case where it appears that the plaintiff did not discover the fraud for several weeks but during these weeks the motor had very little use, the court commits no error in charging that the measure of damages would be what plaintiff paid to defendant for the automobile, less what the automobile was worth, when the plaintiff learned as a fact that it was not as it had been represented to him.

A witness for the plaintiff in such a case, may testify as to the result of the examination of the car, although such examination was made a considerable time after the purchase, if the evidence in the case shows that the car was in the same condition when the witness examined it, as it was at about the time it was purchased.

Argued Oct. 15, 1917. Appeal, No. 165, Oct. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1916, No. 3874, on verdict for plaintiff in case of Frank P. O'Rourke v. Samuel R. Blocksom, trading as S. R. Blocksom Motor Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass for deceit in the sale of a second-hand automobile. Before BARRATT, P. J.

The facts are stated in the opinion of the Superior Court.

The court below charged in part as follows:

["It has been attempted to get into your heads by the defendant that this transaction was not a sale to this plaintiff of the Lozier automobile, but that really the defendant had sold it to this other company that advanced four hundred and fifty dollars to the plaintiff. I instruct you that there is absolutely nothing in this for you to consider. It is simply a subterfuge, and a mighty thin one, and has no more to do with the plaintiff's status in this case than has the fact that the two-hundred-dollar check of the firm employing the plaintiff was given by the plaintiff to the defendant and accepted by the defendant as part of the purchase-price."]     (1.)

["Well, if you believe that it was misrepresented to him, and that the plaintiff's agent knew that the misrepresentation was a misrepresentation—and he says here that it was, and that it was a mistake; and if you further believe that he was not told otherwise before he purchased the automobile; and if you further believe that he relied upon the statements of the agent in buying it, and would not have bought it except for what the agent told

him, then you may find a verdict for the plaintiff, and the measure of damage would be what he paid to the defendant for this automobile, one thousand dollars, together with the thirteen dollars that he paid as interest to that company from whom he borrowed some of the money to pay for the automobile, less what you believe from the evidence the automobile was worth when the plaintiff learned as a fact that it was not as it had been represented to him. To this amount you may add interest from August 4, 1916, the date of bringing of the suit."]   (2)

John F. Cassidy testified as follows as to the value of the automobile:

"Q. Did you examine Mr. O'Rourke's automobile—his Lozier car?

"A. Yes, sir.  I looked at the cylinders and the engine.

"Q. You saw the car itself?

"A. Yes, sir.

"Q. When?

"A. Yesterday was the last time I saw it.

"Q. And you made an examination of the motor?

"A. Yes, sir.

"Q. Now, as a result of your examination, will you tell his honor and the jury what the value of that motor car was in the month of March, 1916?

"(Objected to by counsel for defendant.)

"By the Court:

"Q. Did you ever see it before yesterday?

"A. No, sir.

"Mr. Smith: We have proved by the plaintiff that this automobile is in the same condition now as it was in March, 1916.

"The Court: Then, assuming that it is in that same condition now as it was then, the witness may tell us what its market value is to-day, for what this evidence may be worth. I will overrule the objection and give the exception to the defendant.   (3)

"By Mr. Smith: Q. What was the value of that motor car in your opinion?

"A. Well, I would judge that the value of it is about $150 as she stands."

Verdict and judgment for plaintiff for $850. Defendant appealed.

*Errors assigned* were (1, 2) portions of charge as above and (3) rulings on evidence quoting the bill of exceptions.

*William T. Connor,* with him *Edgar W. Lank* and *John R. K. Scott,* for appellant.—The language of the trial judge was improper: Young v. Merkel, 163 Pa. 513; Heydrick v. Hutchinson, 165 Pa. 208; Com. v. Meads, 29 Pa. Superior Ct. 321; Burns v. Penna. R. R. Co., 213 Pa. 280.

There was error in the charge of the question of damages: High v. Berret, 148 Pa. 261; Curtis v. Buzard, 254 Pa. 61; Fischer v. Taylor, 257 Pa. 132.

There was error in admission of testimony as to the value of the automobile: Pennock v. Crescent Pipe Line Co., 170 Pa. 372; Shimer v. Eastern Ry. Co., 205 Pa. 648.

*Joseph M. Smith,* for appellee.—The charge was not prejudicial to the rights of the defendant: Bernstein v. Walsh, 32 Pa. Superior Ct. 392; Com. v. Johnson, 133 Pa. 293; Com. v. Warner, 13 Pa. Superior Ct. 461; Herbert v. Rainey, 162 Pa. 530; Com. v. Van Horn, 188 Pa. 143.

There was no error in the charge of the question of damages: High v. Berret, 148 Pa. 261; Stetson v. Croskey, 52 Pa. 230.

There was no error in the admission of testimony on the value of the automobile.

Opinion by Henderson, J., March 2, 1918:

The plaintiff's cause of action was a deceit alleged to

have been practiced on him by the defendant in the sale of a second-hand automobile.   It was stated in an advertisement published by the defendant that the car offered for sale contained a "brand new motor" and the plaintiff testified that the defendant's agent who made the sale told him that the car was in good shape all over with an absolutely brand new motor in it.   The car was priced at $1,000.   On the strength of the representations made the plaintiff accepted the car, delivering in payment therefor a Haynes car owned by him, which was valued by the parties at $350, a check for $200 and $450 in money.   The latter sum he obtained from the Auto Transit Company.   A witness, Derricson, who acted for the defendant in the transaction stated in his examination that the defendant sold the car to the Auto Transit Company and that the plaintiff bought it from that company.   The first assignment of error criticizes that portion of the charge of the court in which the jury was instructed that there was nothing for them to consider in the evidence relating to the alleged sale by the defendant to the Auto Transit Company; that the allegation of a sale was "simply a subterfuge and a mighty thin one." The complaint is not that the evidence was held insufficient to support an allegation of a sale to the Auto Transit Company but that the instruction was given in language unjudicial and 'prejudicial to the defendant. The comment was not on any testimony which the jury was to take into consideration in determining the rights of the parties but related to an abortive attempt to introduce a defense wholly different from that suggested by the plaintiff's action.   That the attempt to show the plaintiff did not buy his car from the defendant was a feeble one is apparent from an examination of the evidence.   The Auto Transit Company did not set up a title; no bill of sale or other written evidence of transfer of title was presented at the trial; the plaintiff testified clearly and directly that his transaction was with the defendant's agent; he delivered his car at the defendant's

place of business; he gave the check for $200 to the defendant's agent, and the defendant stated at different times at the trial that he sold the car to the plaintiff. The $550 of the consideration having been furnished by the plaintiff, the price of the car being $1,000, more evidence would be required than was produced to support the court in submitting to the jury the inquiry whether the plaintiff had bought the car from the Auto Transit Company for $450. The evidence on that subject was so entirely lacking in probability that the court might well characterize it as a subterfuge. The comment made did not interfere with the function of the jury in impartially considering all of the evidence which was submitted and in determining the case according to that evidence. The language used was adopted to inform the jury why they were not to consider that aspect of the case and while it forcibly expressed the view of the court we can not say that it was unwarranted under the circumstances. The purpose for which the evidence was offered is manifest and the failure of the effort to avoid responsibility by showing ownership in the Auto Transit Company was so complete as naturally to excite some comment from the court.

The second assignment challenges the accuracy of the court's instruction on the measure of damage. The sale of the car was made about the first of March. Within a week thereafter the purchaser learned that it was not in good working condition; whereupon, at the suggestion of the defendant it was sent to his place of business to be made good. It remained there about a week and was brought home by the defendant but proved to be in such condition as rendered it unserviceable. Thereupon, the plaintiff took it to a mechanic who examined the motor and took it apart and learned in the operation that the motor was not new and that the cylinders were so scored and cut that they could not be repaired by reason of which the motor was worthless. It was said to be a motor of a type not then in use, made by a company

which had gone out of business and which could not therefore be replaced at a reasonable cost. The trial judge in the charge on the subject of damage instructed the jury that if the misrepresentation was made as alleged by the plaintiff the defendant's agent knew the representation was untrue, and if the plaintiff was not told otherwise before he purchased and if the plaintiff relied on the statement of the agent in buying and would not have bought except for what the agent told him, then they might find a verdict for the plaintiff and the measure of damage would be what he paid to the defendant for his automobile, less what the automobile was worth when the plaintiff learned as a fact that it was not as it had been represented to him. The objection taken to this part of the charge is that it fixes a date later than the sale at which the value of the automobile was to be estimated. The rule is as stated in High v. Barrett, 148 Pa. 261, that damages should equal the loss to which the plaintiff was subjected by the deceit practiced on him. In that case the subject of the controversy was shares of stock and the measure of damages was held to be the difference between the real value of the stock at the time of the selling and the fictitious value at which the buyer was induced to purchase. In Curtis v. Buzard, 254 Pa. 61, Judge WALLING before whom the case was tried stated the measure of damage to be what the plaintiff lost by reason of the deceit, the value to be ascertained as of the time of the purchase. While the charge of the trial judge referred the jury to the time when the plaintiff discovered the deception the evidence fairly relates to the date of the purchase by the plaintiff. There was not an immediate discovery of the misrepresentation found by the jury. It was some weeks before the plaintiff ascertained what was the defect in the engine and the testimony of experts must necessarily relate to an examination made subsequently to the purchase. But the testimony shows that the defects were not caused by ordinary use but were probably the result of much service and that

the plaintiff had little use of the car up to the time it ceased to be serviceable, about the first of May.   The evidence supported the contention of the plaintiff that there was no appreciable change in the condition of the car from the time he got it to the time the mechanics examined it and the substantial defect in the motor was not shown to have been a probable result of the plaintiff's use.   Under the evidence, therefore, we think the charge of the court was not misleading.   Moreover, at the conclusion of the charge when an exception was asked by the counsel for the defendant to the measure of damages indicated in the charge the court asked, "what do you suggest as the correct measure of damages"; to which the counsel replied: "I don't know that I am entirely sure about it.   Assuming that there is any damage I feel that the measure of damages would be what it would cost to replace that motor in good condition; to wit, the cylinders and piston rod."   It will thus be observed that when the subject was under consideration and the court was asking for suggestions from the defendant's counsel as to the measure of damages no objection was made to the form in which the court stated the law.   Objection was rather to the manner in which the amount of the injury was to be arrived at, the counsel holding that it was the cost of replacement rather than the difference in value between the car as it was represented to be and as it really was.   The rule suggested by the counsel could not have been accepted by the court as the true measure of damage in such a case and as the attention of the court was not called to the matter now suggested as error but was directed to a measure of damages not applicable the court ought not to be charged with an erroneous expression of the law.   We are the more strongly inclined to this conclusion in view of the amount of the verdict which was the most favorable to the defendant the evidence permitted.

We are not persuaded that there was error in the admission of the evidence cited in the third assignment.

The witness was competent to testify on the subject. His examination of the car was made a considerable time after the purchase by the plaintiff but there was evidence that the car was in the same condition when he examined it as it was at about the time it was purchased.   The testimony of the witness was admitted on the assumption that the car was in the same condition as it was when the defendant sold it.   It had not been used after the early part of May and there was evidence that the deterioration which it had undergone would not have occurred during the intervening period.   No witness could be called to prove what it was worth on the day of the sale because its defects were not discovered until some time afterward.   But the evidence all relates to a condition existing at, or close to, the time of the sale and the evidence would have permitted the jury to find that there had been no appreciable change in the condition of the car from the time when the plaintiff bought it.

On a review of the whole case we conclude that the judgment should be affirmed.