# Browning, Appellant, *v.* Rodman.

*Contract—Sale of land—Fraud—False representations—Extension of time—Waiver of fraud—Estoppel—Vendor and vendee—Charge—Failure to request.*

1. One induced by fraud to make a contract may elect to repudiate the contract or to affirm it and sue in deceit, or demand damages by way of a counterclaim in a direct action on the contract.

2. If the subject of the sale is open to the buyer's observation, or, by reasonable inquiry, its true condition might have been known, he is bound to examine and inquire, or insist on the warranty.

3. Acts done in furtherance of a contract after knowledge of the fraud is a waiver by the defrauded party.

4. To constitute a waiver, it must be clear that full knowledge of all the material facts has been obtained and the party intends to abide by the contract.

*Practice, C. P.—Trial—Points.*

5. Points which assume facts which the evidence shows are in dispute, cannot be affirmed.

*Contract—Vendor and vendee—Damages—Sale of land.*

6. The measure of damages suffered by one who is fraudulently induced to make a contract of sale, purchase or exchange of properties, is the difference between the actual value of that which is parted with and the actual value of that which he receives under the contract.

Argued October 4, 1920. Appeal, No. 274, Jan. T., 1920, by plaintiff, from judgment of C. P. Bradford Co., May T., 1915, No. 210, on verdict for defendants in case of W. D. Browning v. Edwin L. Rodman and Nina B. Rodman. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Issue to determine amount due on judgment. Before MAXWELL, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were, (1) refusal of plaintiffs motion for judgment n. o. v., quoting record; (2-10) answers to points, and portions of charge, quoting them.

*J. Roy Lilley,* with him *Wm. P. Wilson,* for appellant.—Defendant was estopped from setting up fraud as a defense: Stewart v. Trimble, 15 Pa. Superior Ct. 513; Fitzpatrick v. Flannagan, 106 U. S. 648.

*Chas. M. Culver,* with him *Fanning & Kaufman,* for appellee, cited: Lake v. Weber, 6 Pa. Superior Ct. 42; Max Meadows L. & Imp. Co. v. Mendinhall, 4 Pa. Superior Ct. 398; Heastings v. McGee, 66 Pa. 384; Guffey v. Clever, 146 Pa. 548; Mahaffey v. Ferguson, 156 Pa. 156.

OPINION BY MR. JUSTICE KEPHART, December 31, 1920:

Appellant, experienced for years in the growth and cultivation of ginseng, sold to appellee, who had never seen such plant and knew nothing about its cultivation, a farm in Bradford County, used for ginseng gardens. The consideration for this sale, and for certain items of personal property, was liquidated by the transfer of a stock of merchandise of the value of $11,000, since disposed of, and a note of over $5,000. The note was reduced to judgment, and appellee, averring fraud in the procurement of the sale, had it opened, and on the issue thus framed the jury found as in an action for deceit for the defendant vendee, upon which judgment was taken.

The misrepresentations charged were found to be facts, and are here admitted to be true, but it is urged the judgment should be reversed because the vendee had ample time to become acquainted with the true condi-

tion of the gardens, and, with this knowledge, he accepted an extension of time on the note or judgment then due, and paid thereon one year's interest. The sale occurred in the spring of 1915.

One induced by fraud to make a contract, may, on the discovery of the fraud, either affirm the contract and sue for damages, or, as here done, assert them by way of a counterclaim in a direct action on the contract, or in any matter growing out of it, or he may repudiate the contract and institute an action for a rescission thereof: 13 Corpus Juris, section 653; but if the subject of the sale or contract is open to the buyer's observation, or by reasonable inquiry its true condition might have been ascertained, he is bound to examine or inquire for himself and trust his own judgment, or insist on a warranty from the vendor: Veasey v. Doton, 3 Allen 380; and, in an action for deceit, based on fraud in the procurement of a contract thus affirmed, an important distinction exists with respect to acts done in affirmance of the contract after discovery of the fraud. If the defrauded party acquires knowledge of the fraud while the contract remains executory, and thereafter does any act in performance or affirmance of the contract, or exacts performance from the other party, he thereby condones the fraud and waives his right of action. A purchaser who consummates the sale after discovering the fraud, cannot thereafter maintain an action of deceit. These principles are not in conflict with the doctrine that the party defrauded has his election to repudiate the contract, or to affirm it and sue in deceit. The question of waiver, however, is largely one of intent. Hence acts done in affirmance of the contract can amount to a waiver of the fraud only where they are done with full knowledge of the fraud and of all material facts, and with the intention clearly manifested of abiding by the contract: 20 Cyc. p. 92; Cooley on Torts, page 505; Biglow on Frauds, page 184.

If the evidence presented a case such as urged by appellant, his contention would have a substantial foundation, but the subject-matter of the false representations was of such character as to completely deceive appellee. He had no means of knowing they were false until the ginseng came up or failed to come up from the ground. It was supposed to come up in the summer of 1915. When it did not appear in the quantities as represented, appellant further misled appellee by the statement that ginseng was a peculiar plant, having a habit of remaining dormant for a year, but would reappear the following year. It was in the early spring of the following year the incident occurred as to payment of interest and extension of time. This was, however, before the ginseng had time to reappear, and in the fall of 1916 when it did not come up, the petition to open the judgment was presented. The evidence as to an extension of time is in dispute, and, under the circumstances, the payment of a year's interest was made without a clear knowledge of the facts.

The court below did not instruct the jury on the law applicable to waiver or estoppel. Appellant was clearly entitled to this, but no complaint of its omission was made at the conclusion of the court's charge. Instead, points were submitted which could not be affirmed, as they assumed facts which the evidence showed were in dispute. Among other things, they assumed an extension of time after the fraud had been discovered; appellee denied there was an extension of time, and claimed the interest was paid when the true condition of the garden was unknown. Though the difference between the amount of ginseng recovered the first year, and that represented, was great and ordinarily should have brought home notice, and there is considerable force in the suggestion that this fact should have made appellee suspicious and caused him to seek advice from his neighbors, yet, in view of all the evidence, we cannot say, as a matter of law, there was sufficient to constitute cir-

cumstances amounting to knowledge. It is unnecessary for us to determine what the result might have been, had the circumstances set out in these points actually existed. The most appellant had a right to demand was their proper submission to the jury, and appellee and the court were not responsible for his failure here.

The measure of damages suffered by one who is fraudulently induced to make a contract of sale, purchase or exchange of properties, is the difference between the actual value of that which is parted with and the actual value of that which he receives under the contract: Curtis v. Buzard, 254 Pa. 61; Lukens v. Aiken, 174 Pa. 152; Stetson v. Croskey, 52 Pa. 230; West Homestead Borough v. Erbeck, 239 Pa. 192, 198, 199; High v. Berret, 148 Pa. 261; O'Rourke v. Blocksom, 69 Pa. Superior Ct. 93, 99. The court below applied this rule and we are satisfied that there was sufficient evidence of value to submit to the jury to fix appellee's damages at the full amount of the note.

In no event, then, was the case one for binding directions; the other assignments not here specifically dealt with are without merit; the assignments present no reversible error.

Judgment affirmed.