# Long, Appellant, *v.* McAllister.

*Deceit—Statement of claim — Sufficiency of averments — Damages—Practice, C. P.—Pleadings—Rule for more specific statement—Motion for non pros—Act of May 14, 1915, P. L. 483—Exemplary damages.*

1. Allegations in a statement of claim in an action of deceit are sufficient to support the action, where they aver misrepresentations intentionally and fraudulently made by defendant to plaintiff, which induced the latter, believing in their verity, to act thereon to his material loss.

2. If a statement of claim in an action of deceit is not sufficiently specific as to the damages sustained, the remedy of defendant under the Act of May 14, 1915, is a rule for a more specific statement,

followed by a motion for a non pros, if the court makes the rule absolute and its order is not obeyed.

3. In an action of deceit to recover damages for loss sustained through subscription to the stock of a corporation by the fraudulent representations of defendant, the statement of claim is defective where it fails to set forth such values as are necessary to estimate plaintiff's loss.

4. In an action of deceit exemplary damages are only recoverable under circumstances of extreme aggravation.

5. Where, under the averments of the statement of claim, it cannot be determined whether or not such circumstances will develop at the trial, the court cannot say, on a rule for judgment, that, as a matter of law, exemplary damages are not claimable.

Argued May 16, 1922. Appeal, No. 343, Jan. T., 1922, by plaintiff, from judgment of C. P. Lancaster Co., April T., 1921, No. 32, for defendant on affidavit of defense in nature of demurrer, in case of John H. Long v. Levi F. McAllister. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Reversed.

Trespass for deceit. Before LANDIS, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on affidavit of defense raising question of law. Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*F. Lyman Windolph,* for appellant.—The statement of claim is sufficient: Righter v. Parry, 266 Pa. 373.

The proper measure of damages in actions for deceit has been stated in numerous decisions: Curtis v. Buzard, 254 Pa. 61; Smyers v. McMahon, 71 Pa. Superior Ct. 142; Rock v. Cauffiel, 271 Pa. 565; Schusler v. Clark, 50 Pa. Superior Ct. 459.

*K. L. Shirk,* with him *John A. Coyle,* for appellee.—The averments in plaintiff's statement taken as true do not show any sufficiently material misrepresentation on part of defendant to constitute a basis for this action:

Franklin Printing Co. v. Crum, 65 Pa. Superior Ct. 166; Fulton v. Hood, 34 Pa. 365; Coil v. Pittsburgh F. College, 40 Pa. 439; McAleer v. McMurray, 58 Pa. 126; Willock v. Dilworth, 204 Pa. 402.

The statement in this case does not sufficiently show any damage to plaintiff: High v. Berret, 148 Pa. 261; Curtis v. Buzard, 254 Pa. 61; Smyers v. McMahon, 71 Pa. Superior Ct. 142.

A demurrer may be sustained to a statement on the ground that it does not specifically state the damages, and this alone is sufficient to prevent recovery: Winkleblake v. VanDyke, 161 Pa. 5.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, June 24, 1922:

Plaintiff, John H. Long, brought an action of deceit against defendant, Levi F. McAllister, who filed an affidavit of defense, in the nature of a demurrer, to the statement of claim; on consideration of these papers, the court below entered judgment for defendant, holding, as a matter of law, that on the cause pleaded plaintiff could not recover; this appeal followed.

The statement of claim avers that plaintiff and defendant were stockholders in an oil company, which was financially embarrassed; sometime prior to January 16, 1919, the latter told the former an arrangement had been made whereby one Hetrick was to bid for the assets of the corporation in question at a public sale about to be held, and defendant, with three others, naming them, "had mutually agreed to associate themselves with said Hetrick ......in the formation of a new corporation, in which each of said five persons was to be equally interested, for the purpose of taking over the assets of [the old company], and said parties had further mutually agreed that, if the property were purchased by said Hetrick, each of them would pay the sum of $2,000 in cash into the treasury of the new corporation, for the purpose of [meeting] whatever sum might be bid by Hetrick, and

for the further purpose of providing said new corporation with adequate funds to begin its business"; defendant invited plaintiff to join him and the other persons already mentioned, saying "there would then be six stockholders in the new corporation, each of whom would be equally interested therein and was to pay $2,000 in cash"; Hetrick bought the property for $7,525; thereafter, February 18, 1919, the new corporation was formed, with an authorized capital of $50,000, divided into 500 shares of a par value of $100 each, the incorporators being plaintiff, defendant, Hetrick, the three other persons already referred to, and one Fleming; this corporation took over the property bid in by Hetrick; subsequently, and before March 8, 1919, defendant told plaintiff that "all the corporators of the new company had agreed to put $2,000 cash into the treasury thereof, in order to pay the sum bid by Hetrick......and in order to provide the new corporation with the necessary money to enable it to begin business, that he (defendant) had actually paid said sum of $2,000 to said Hetrick for the use of said corporation, and it was now time for plaintiff to pay in an equal amount."

The foregoing enumeration of alleged facts is followed by averments that "said statements were then and there false, the defendant knew they were false and made them with the intent that plaintiff should act upon them and with the intent to deceive and defraud plaintiff"; that plaintiff, believing them to be true, relied upon them and paid his $2,000 for the use of the corporation; that no one of the persons mentioned by defendant, except Fleming, ever agreed to pay $2,000 into the treasury of the new corporation or made such payments; finally, that a certificate for twenty shares of stock of the new corporation, at a par value of $2,000, was issued to plaintiff, the total stock outstanding being 140 shares of a par value of $14,000.

The above allegations are sufficient to support an action of deceit, for they aver misrepresentations inten-

tionally and fraudulently made by defendant to plaintiff, which the latter says induced him, believing in their verity, to act thereon to his material loss (Cox v. Highley, 100 Pa. 249, 252; Hexter v. Bast, 125 Pa. 52, 72; Righter v. Parry, 266 Pa. 373, 377); thus (accepting the averments of the statement of claim as true), since it cannot be said as a matter of law that the facts set forth were not of a character to induce one to act thereon (see Cover v. Manaway, 115 Pa. 338, 346; Kehl v. Abram, 210 Ill. 218, 71 N. E. 347; Ochs v. Woods, 221 N. Y. 335, 338, 117 N. E. 305, 306; Mignault v. Goldman, 234 Mass. 205, 208, 125 N. E. 189, 191), the necessary elements of actionable deceit are pleaded.

A question remains, however, as to the sufficiency of plaintiff's averments of loss. The statement ends with allegations that the assets of the new corporation were less than they would have been if the representations of defendant had been true, that the corporation had no ready money to begin business with, and that plaintiff had been "induced to pay for said stock more than the actual value thereof at the time of purchasing," thereby suffering a loss of $2,000. He also claimed additional damages, "in the nature of interest" on his $2,000, from March 8, 1919, when he made payment thereof, and $500 as exemplary damages.

Plaintiff's averments of loss are faulty; whether, in an action like the present, the measure of damages be viewed as the difference between the value of what plaintiff received and the value it would have possessed had the facts been as represented by defendant (Rock v. Cauffiel, 271 Pa. 560, 565), or whether it be the difference between what plaintiff was induced to pay by the fraudulent statements and the value of what he received (Browning v. Rodman, 268 Pa. 575, 579; Curtis v. Buzard, 254 Pa. 61, 64; High v. Berret, 148 Pa. 261, 264; see also Williams v. Beltz, 7 Boyce (Delaware) 360, 363, 107 Atl. 298, 299, decided on Pennsylvania law), the statement of claim omits to aver any of such values.

Plaintiff also fails to state with requisite explicitness what, as a matter of fact, the other parties,—aside from Fleming, who, like himself, contributed $2,000,—paid into the new corporation, if they paid anything; and he does not say what money or other thing of value, if any, was paid into the treasury of the corporation for the 100 shares of stock issued by it over and above the 40 shares purchased by himself and Fleming; nor does he state how the corporation obtained the money (beyond the $4,000 represented by the last mentioned stock) which was used to meet Hetrick's bid of $7,525. In the absence of the items of information to which we have called attention, and particularly in default of any specific averment as to the value of the stock plaintiff received for his $2,000, there is no way to estimate the alleged loss to plaintiff. This is a defect, but,—since the Practice Act of May 14, 1915, P. L. 483,—not of a character to warrant the entry of judgment against the pleader, as the statement of claim indicates that plaintiff seeks to recover a loss incurred by him, through defendant's false representations, in paying $2,000, for something of less value. Under these circumstances, the latter should have taken a rule for a more specific statement, and, upon the rule being made absolute, if plaintiff failed to comply with the court's order in that regard, defendant should have made a motion for non pros. In Rhodes v. Terheyden et al., 272 Pa. 397, 401, we recently discussed and explained this point of practice at such length that it would serve no useful purpose to go over the same ground at this time. In addition to the authorities there cited, see Franklin Sugar Refining Co. v. Lykens Mercantile Co., 274 Pa. 206, and Drabant v. Cure, 274 Pa. 180.

As to the claim for exemplary damages, while ordinarily these are not recoverable in cases of this character (Erie City Iron Works v. Barber & Co., 102 Pa. 156, 164; Cole v. High, 173 Pa. 590, 601), unless circumstances of extreme aggravation appear (Schusler v. Clark, 50 Pa. Superior Ct. 459, 465; Mowes v. Robbins, 68 Ind. App.

82, 86, 120 N. E. 51, 52;—for extended discussion of this subject, see Laughlin v. Hopkinson, 292 Ill. 80, 88, 126 N. E. 591, 594), nevertheless, under the peculiar averments in the present case, it cannot be determined whether such circumstances will develop on trial; hence, we are unable now to say that, as a matter of law, exemplary damages are not claimable: Nagle v. Mullison, 34 Pa. 48, 54; Barry v. Edmunds, 116 U. S. 550, 565.

The judgment is reversed with a procedendo.