### City of Bethlehem v. Lehigh Valley Transit Company.

*Practice—Demurrer—Specific statement.*

1. A statement of claim which sets out as damages a sum alleged to have been paid as repairs, without giving the name of the payee or any copy of items, is not sufficiently specific.

2. Where the defendant is seeking to question plaintiff's statement on the above ground, the proper practice is to ask for a rule for a more specific statement and not to raise the question by statutory demurrer.

Rule for judgment upon a statutory demurrer. C. P. Northampton Co., Dec. T., 1923, No. 38.

*George R. Booth*, for plaintiff; *Dewalt & Heydt*, for defendant.

STEWART, P. J., Nov. 9, 1925.—This is a rule for judgment upon a statutory demurrer. Plaintiff sued in trespass for the recovery of damages alleged to have been occasioned by a collision between plaintiff's fire-engine and defendant's trolley-car. After setting forth the facts, plaintiff's seventh paragraph of the statement is as follows: "That the damage done to the said fire-engine by the careless and negligent operation of said trolley-car amounted to the sum of Five Thousand Two Hundred Forty Dollars and Fifty Cents ($5,240.50) paid by the City of Bethlehem to repair the damage so done as aforesaid." In the affidavit of defence the defendant averred in the seventh paragraph as follows: "The defendant specifically raises the question of law that, under the practice, the plaintiff's statement is insufficient and the plaintiff is not entitled to recover the damages in any amount under said statement." Upon the argument, it was stated that the plaintiff was not seeking to recover any other damages than general damages, and that repairs were to be deemed "general damages." Under the authorities as we have examined them in Waldbiesser v. Travaglini, 19 Northamp. Co. Repr. 31, the statement in suit is not specific. See, also, on the general subject, the preceding case, Bricker and Hochman v. Kline, and Csapo v. Du Bois, 20 Northamp. Co. Repr. 1. As stated in the former case, quoting from Long v. McAllister, 275 Pa. 34, the correct practice would require in the present case a rule for a more specific statement. We had the same question in Wilson & Co. v. Kessler, 19 Northamp. Co. Repr. 290, where there was also a demurrer, but we permitted a more specific statement to be filed. We shall follow the same practice here.

And now, Nov. 9, 1925, the plaintiff is permitted to file an amended statement within fifteen days from date. In default thereof, the prothonotary shall enter judgment for the defendant upon its demurrer.

From Henry D. Maxwell, Easton, Pa.