# Erie City Iron Works *versus* Barber & Co.

1. Where a workman, for a full and adequate consideration, undertakes to manufacture a certain article, knowing where it is to go, and what work it is expected to do, and then so carelessly and negligently constructs said article that it is not able to do the work expected and breaks, damaging adjacent property, he is liable in an action of case for the resulting damage.

2. In an action on the case to recover damages for such injury, it is essential that the declaration should aver a scienter. If it fails to do so, it is not error for the court to allow an amendment on trial to that effect.

3. It is not error in such case for the court to permit, on trial, the amendment of the declaration by the addition of a count alleging a warranty, where the same is laid simply as an inducement to the contract, or as one of the fraudulent means whereby the plaintiffs were induced to accept the defective article. In such case it is essential that the said count should also aver a scienter.

4. An action of deceit will lie for the breach of an express contract of warranty, but not for the breach of an implied contract of warranty. When therefore the original pleadings in a cause put in issue only an implied contract of warranty, and on the trial, after the Statute of Limitations has run, an amendment is allowed, setting out an express contract of warranty, it is error to admit evidence of such express contract as a substantive cause of action

5. The proper measure of damages in the above case was the amount of money required to put all the injured property, including the article itself in question, in as good condition as they were before the accident. For all incidental damages, such as loss of profits and the like, the interest on the amount thus expended must be regarded as a full equivalent.

6. It was error in the above case to leave the measure of damages to the discretion of the jury.

January 18th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

[City Iron Works *v.* Barber.]

ERROR to the Court of Common Pleas, No. 1, of *Philadelphia county :* Of July Term 1882, No. 125.

Case, by Phineas M. Barber and Ambrose B. Henderson, trading as P. M. Barber & Co., against the Erie City Iron Works, to recover damages for the destruction of plaintiffs' mill by the explosion of a boiler, which was alleged to have been defectively constructed by defendants. Plea, not guilty.

The plaintiffs' narr. was in three counts, and was substantially as follows:—

The first count set forth that the plaintiffs employed the defendants to construct and build a boiler of certain size and material in the plaintiffs' lumber mill; it then proceeded to allege that " the said boiler was carelessly, negligently, and improperly made of an inferior quality of iron, to wit, C. H. iron, and not of flange iron," and concluded by alleging the destruction of their mill in consequence thereof.

The second count alleged the same, with the addition that the iron was of less thickness than contracted for.

The third count, after re-asserting the foregoing facts, proceeded as follows: " And the said plaintiffs say that afterwards, to wit, on the day and year aforesaid the said defendants, at the city aforesaid, made a certain boiler, which said boiler was made and represented to be made of C. H. iron, and not of flange iron, and the said plaintiff avers that the said defendants falsely and maliciously represented to said plaintiffs that the said boiler so made and constructed and delivered was in every respect as good as the boiler so ordered as aforesaid, and would safely carry one hundred and twenty pounds of steam. And that the only difference between the said boilers was in a name. That the said plaintiffs, relying upon the said representations as aforesaid, set up the said boiler in their said lumber mill. And the said plaintiffs further say that the said boiler was carelessly, negligently, and improperly made of poor, inferior, and worthless iron, and of less than three-eighths of an inch thick, and not as warranted and represented by the said defendants, concluding with the allegation of damage done by reason thereof.

On the trial, before ALLISON, P. J., the following facts appeared :—

In the month of January, 1874, the plaintiffs, Barber & Henderson, who owned a lumber mill, desired to replace a worn-out steam boiler in their establishment with a new one. The senior partner came to Philadelphia, went to the place of business of one Isaac H. Shearman, the agent of the defendant, and made a contract with him as the representative of the defendant, to furnish a boiler in accordance with certain specifications, among which it was provided that the boiler should

[City Iron Works *v.* Barber.]

be made of " flange " iron of three-eighths of an inch in thickness, and should be sufficient to carry with safety 120 pounds of steam. The purpose for which the boiler was intended was also mentioned. After some further negotiations, the agreement was concluded, and the boiler ordered, and in due course of time shipped from the defendants' works to the plaintiffs' mill. Upon inspection, it was then found to have been constructed of materials and in a manner that were at variance with the specifications. Instead of being made of " flange " iron, the material used was C. H. No. 1; instead of being three-eighths of an inch in thickness, it proved it to be only five-sixteenths of an inch; the maximum pressure which the boiler would safely bear was also shown to have been less than one hundred pounds.

Upon this discovery, Barber went at once to Philadelphia, to Shearman's office, where he met Selden, the president of the defendant company. According to the testimony of the former, he told Selden that his company had not given him (Barber) the boiler which he had contracted for. Selden acknowledged this, but assured Barber, " upon his reputation as a boiler-maker and a gentleman, that the boiler was equal in every respect, and superior in some respects," for the purpose intended. According to Barber's testimony, and, at his request, Selden guaranteed the truth of these representations, but this was directly contradicted by the latter.

On May 2nd 1874, the boiler exploded, and caused great damage to the plaintiffs' property ; whereupon, in 1877, this suit was brought.

On the trial, Barber testified in regard to the disputed language of his interview with Selden as follows :—" I said to him, you have not given us the boiler you agreed to give us. He answered, Mr. Barber, that is so, it is not a flange iron boiler, but I say to you, on my reputation as a boiler-maker and as a gentleman, that the boiler we sent you is equal in every respect, and superior in some respects, for your business to the one you ordered. I answered Mr. Selden, I know nothing about boilers ; if this is all in a name, and you are willing to guarantee boiler equal in every respect to the one I contracted for, we will roll it in and use it. He answered he would guarantee it to be equal and as good in every point, and would even guarantee it better in some respects. We then accepted the boiler on this guarantee, and put it in. He said it would carry 120 pounds safely, and that it was perfectly safe, and guaranteed it equal to original agreement and specifications."

Defendant objected to this testimony on the ground that it sought to establish a contract which had not been declared on in the narr.

[City Iron Works *v.* Barber.]

Plaintiffs thereupon moved to amend the narr. by filing the following additional counts :—

First count. That defendants were manufacturers of boilers, and were desirous that plaintiff should purchase one made by them, and thereupon represented to them that it was a good and safe boiler, and fit and proper to be used, and could be used with safety; that said boiler was equal in quality to a boiler made of, to wit, flange iron; that plaintiffs thereupon purchased said boiler upon terms that it could be safely used in their lumber mill; breach—that defendant negligently and improperly conducted itself in selling, preparing, and manufacturing said boiler; that it was dangerous, defective, and wholly unfit and unsafe to use, and afterwards exploded, &c.

Second count. That defendants being desirous plaintiffs should purchase a boiler of their manufacture, "fraudulently, falsely, and deceitfully stated that said boiler was safe and fit for use, and was of as good quality as a boiler made of, to wit, flange iron; that plaintiffs believing this, purchased said boiler and placed it in their mill; that said boiler was greatly inferior to one made of flange iron, and was totally unfit and unsafe for use, as defendants knew, and said boiler did, by reason of the premises, explode," etc.

Third count. That defendants, the manufacturers, being desirous that plaintiffs should purchase one of their boilers for use in plaintiffs' mill, in consideration of said purchase warranted said boiler "to be equal to, to wit, flange iron, and to be entirely fit and safe for use;" that plaintiffs, relying on said warranty, purchased said boiler for use in said mill; but defendant was guilty of a breach of duty, deceit, and negligence in so as aforesaid warranting said boiler, because said boiler was, on the contrary, not equal to flange iron, and was entirely unsafe and unfit for use, of which defendants had notice; that plaintiffs, confiding in said warranty, used said boiler in their mill, where said boiler, by reason of the premises, exploded, etc.

The defendants objected to the filing of these amendments (1) because they set forth a different cause of action than that declared on in their original narr.; and (2) because the statute of limitations had run against the claim set forth in the amendments.

The judge overruled the objections and allowed the amendments; but permitted the defendants to file the additional plea of the statute of limitations. Exception. The defendants submitted, inter alia, certain points, which, with the answers thereto, were as follows : —

6. The language testified to by the plaintiff Barber as having been used by Mr. Selden, rises no higher than representations as to an article which the plaintiffs admittedly were buying

[City Iron Works *v.* Barber.]

after inspection, and does not create a definite contract. of guarantee with the plaintiffs.

Answer. This point I decline to affirm. On the contrary, I say to you, if you find that as an inducement to accept a boiler, which was not according to the contract, the president of the company defendant, said to Barber, and had authority to say it in behalf of the company, that which is set out in this point, it amounts to a contract of guarantee. It is a warranty that the article was that which he represented, equal to and in some respects better for plaintiff's use than the boiler which he had ordered. Such representation rises higher than a mere representation of the quality of the article.

7. The true measure of damage in this case is the difference between the value of this mill and its contents immediately before and after the explosion ; as the evidence does not show these values respectively to the jury, their verdict if for the plaintiffs will be for nominal damages only.

Answer. If the jury find for the plaintiffs on the other questions raised in the trial of the cause, that this was a contract between plaintiffs and defendants, entered into through the agency of Shearman, that the boiler was not equal to the one which defendant contracted to make ; that it was not of proper construction as to thickness or quality of the iron, or sufficiency of bracing ; that in consequence of this, the boiler exploded, your verdict should be for the plaintiffs for such damages as you believe, under the evidence, they have sustained ; you are not restricted to giving nominal damages.

Verdict for the plaintiffs for $8,440.26 and judgment thereon, whereupon the defendants took this writ of error, assigning for error the allowance of the amendments to the narr., and the answers to the points as above. Subsequently, three additional assignments of error were filed, complaining of the action of the court in allowing the amendments to the narr. : (1) because it caused a misjoinder of counts and introduced new matter ; (2) because it joined counts, one of which was in deceit, and the other on a warranty, and (3) because the first count of the amended narr. failed to aver a scienter.

*Nathan H. Sharpless* and *R. C. McMurtrie*, for the plaintiffs in error.—The causes of action set out in the original and amended narr. not only differ in the form and character of the allegations, but in the very gist of the thing. The first two of the original three counts consisted merely in the allegation that the boiler was not built according to contract. The third count similarly alleges merely a damage caused by the careless and negligent making of the boiler. The amended counts introduce another cause of action by alleging that the defendants, as an

[City Iron Works *v.* Barber.] ·

inducement to purchase, represented and warranted said boiler to be equal to one made of flange iron, and to be entirely fit and safe for use. This completely changes the relation of the parties to the subject matter ; the alleged representations and warranties are not only different in-form and substance, but they are inconsistent ; negligently overlooking an item in a specification is a very different thing from an undertaking in the first instance to warrant the boiler as up to a certain standard absolutely and at all hazards. Nothing can illustrate this better than the difference in the measure of damages ; under the original narr. for furnishing a boiler other than as ordered, defendants were only liable for the difference in the value of the two boilers, in this case at most not more than $100. While under the amended counts, the jury have given the plaintiffs a verdict for $8,440.26.

That it is not permissible to make such an amendment may be seen by a reference to the cases of Wright *v.* Hart, 8 Wr. 454 ; Trego *v.* Lewis, 8 P. F. S. 463 ; Kaul *v.* Lawrence, 23 P. F. S. 410 ; Kille *v.* Ege, 1 Norris 102 ; Leeds *v.* Lockwood, 3 Norris 70 ; Carn *v.* Fillman, 10 W. N. C. 152.

The language used by Selden to Barber did not rise to the dignity of a guarantee. It lacked certainty, and did not bind the defendants. It is evident from the testimony that Selden was speaking only for himself. His words are: "I say to you, on my reputation," &c. The learned judge, therefore, erred in submitting upon this evidence and under the pleadings in this cause the question of a contract of guarantee as a substantial cause of action.

The true measure of damages in this case, if the plaintiffs were entitled to any, was the difference in the value of the mill and its contents immediately before and after the explosion. Our point which requested an instruction to this effect was negatived by the court, which substantially instructed the jury to give "such damages as they believed under the evidence they had sustained." That to leave the quantum of damages to their caprice is error, is shown in the case of Pennsylvania R. R. Co. *v.* Books, 7 Smith 339, where a similar instruction was held to be error.

*Richard P. White* (*George H. Earle, Jr.*, and *D. C. Harrington* with him), for the defendant in error.—The narr. as amended merely set forth our cause of action in three distinct manners : (1) In deceit for fraudulent representations ; (2) In deceit for a breach of warranty ; (3) In negligence. That these counts could be joined is shown by the case of Schuchardt *v.* Allens, 1 Wallace 368, and cases there cited. It was not necessary to establish an express contract of guarantee, for the law

6 OUTERBRIDGE.—11

[City Iron Works *v.* Barber.]

will raise an implied guarantee, where, as in this case, goods are ordered from a manufacturer for a particular purpose, and prove unfit for that purpose : Hyman *v.* Nye, L. R., 6 Q. B. D. 685 ; Brown *v.* Edgington, 2 M. & Gr. 281 ; Randall *v.* Newson, L. R., 2 Q. B. D. 102 ; Work *v.* Leathers, 97 U. S. 380. The failure to aver a scienter will be considered amended, as it was amendable, and would have been amended in the court below, had the objection to its omission been then raised. An appellate court will never reverse for what was amendable below : Shoenberger *v.* Zook, 10 Casey 29 ; Barker *v.* McCreary, 16 Smith 162.

Mr. Justice Gordon delivered the opinion of the court, February 5th 1883.

As long ago as the case of Chambers & Boyd *v.* Crawford & Barker, Add. 150, it was, in this state held, that if a workman does a piece of work insufficiently, he is answerable for all the consequences which may result from that insufficiency, and this though the employer may have accepted that work without objection. So also in Godley *v.* Hagerty, 8 Har. 387, it was determined that where one erects a building for rent, he is bound to reasonable skill and dilligence in its construction, regard being had to the purposes for which it is intended, and that if such building be negligently and carelessly built, the owner is responsible, even to a stranger, for damages suffered by its fall. And it is said, in this case, by Mr. Justice Woodward, " If he will build as charged and found in this case, ' loosely, carelessly, unskillfully and negligently,' and with ' insufficient and improper materials,' whereby the innocent and unsuspecting are injured, let him respond in damages. He is bound to employ reasonable skill and dilligence in the erection of the building, regard being had to the uses and purposes for which it was designed." Both in principle and language these cases fit the one in hand. The defendants, for a full and adequate compensation, undertook to manufacture for the plaintiffs a steam boiler, and, if the evidence on the part of the plaintiffs was believed, as it seems to have been, they, the defendants, knew exactly where it was to go, what work it was expected to do and what pressure it must bear ; and if they in fact did so carelessly and negligently construct it that it was not able to do that work, or bear that pressure, theirs was the fault, and upon them must fall the damage resulting to the plaintiffs' mill and machinery.

The action is properly case, and the declaration as properly charges the defendants with negligence and deceit in the construction of the boiler. In it there is but the single defect that it does not in terms charge the defendants with having

knowingly committed their deceit; in other words, the narr. is wanting in a scienter. But as this is a defect purely technical in its character, the court did well in allowing its amendment by an additional count. It is idle to insist that by such an amendment a new cause of action was introduced. No novel charge was thereby brought into the case, and to sustain their action the plaintiffs must make use of the same evidence to establish a contract, and negligence and carelessness, that was required under the original narr. nor was the burden of the defence in the slightest degree increased. The pure technicality of the amendment is thus manifested; so far from introducing a new cause of action, it does not even beget the necessity of a single new item of evidence. Nor do we regard the objection to the amendment which alleges a warranty, as well taken. The warranty is laid simply as an inducement to the contract, or as one of the fraudulent means by which the plaintiffs were prevailed upon to accept of and use the defective boiler. For such purpose it was not only proper to lay, but also to prove, the warranty, and had the court confined the plaintiffs to that use of it, there would have been no error; as in Langridge *v.* Levy, 2 M. & W. 519, though it was held that the warranty, as a contract, could not be used, yet as a representation it was admitted; so here, it was proper both to lay and prove the warranty as a representation used to induce the plaintiffs to buy a bad or defective article. On the authority, however, of the case above cited, as well as that of Mahurin *v.* Harding, 28 N. H. 128, there should have been a scienter added to this count also, and which may yet, on motion to the court below, be supplied. But we agree with the counsel for the plaintiffs in error, that it could be used for no other purpose, and that the court erred in admitting the warranty as a substantive cause of action on which recovery might be had. It is true that an action for deceit will lie for the breach of a warranty, but none the less does the action depend upon proof of an actual contract, and not upon one, as in the case in hand, which is merely implied. The original pleadings put nothing in issue but an implied contract of warranty, whilst the court also submitted to the jury another of a substantive character, framed by the parties themselves, and which was barred by the statute. Here was certainly the introduction of a new cause of action, and which, under the circumstances of this case, ought not to have been allowed.

We also think that complaint is justly made of the court below in that it gave to the jury no rule for the assessment of damages, but left the determination of this matter to the mere caprice of that body. Whilst the defendants' point involving this question was properly negatived, yet there ought to have been some definite instructions upon this subject. The jury

should have been told, that if they found for the plaintiffs, the damages must be compensatory only ; neither speculative nor vindicatory. That the true measure thereof was the amount of money required to put the mill and machinery, including the boiler, in as good condition as they were before the explosion, and that for all incidental damages, such as the loss of profits, and the like, the interest on the money thus expended, must be regarded as a full equivalent.

On a careful examination of the remaining assignments we discover nothing in them that requires special notice ; we think the instructions complained of were fully as favorable to the defendants as they should have been.

The judgment is reversed and a new venire awarded.