# Windows *v.* Rudolph, Appellant.

*Pleading—Statement—Trespass for deceit—Scienter—Trial on merits.*

Where in an action of trespass for deceit, the statement of claim fails to aver a scienter, and the defendant does not demur, but enters a plea of not guilty, and goes to trial on the merits, and the scienter is then proved although not pleaded, the defendant after a verdict and judgment against him, cannot thereafter object to the insufficiency of the statement.

After a trial on the merits, no defect of pleading which might have been raised by a demurrer will be fatal to the judgment, unless it is shown to have injuriously affected the trial.

Argued May 4, 1908. Appeal, No. 186, April T., 1908, by defendant, from judgment of C. P. Jefferson Co., April T., 1906, No. 327, on verdict for plaintiff in case of M. Windows v. E. C. Rudolph. Before RICE, P. J., PORTER, HENDERSON, MORRISON. ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass for deceit. Before ORMEROD, P. J., specially presiding.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $162. Defendant appealed.

*Error assigned* was in not entering judgment for plaintiff non obstante veredicto.

*A. L. Cole,* for appellant.—In an action of deceit the scienter must not only be alleged, but proved, and the jury must be satisfied that the defendant made the statement relied upon, knowing it to be false, or with such conscious ignorance of the truth as to make it equivalent to a falsehood: Griswold v. Gebbie, 126 Pa. 353; Scott v. Heisner, 33 Pa. Superior Ct. 286; Iron Works v. Barber, 102 Pa. 156; s. c., 106 Pa. 125.

*A. J. Truitt,* for appellee, cited: Erie City Iron Works v. Barber, 118 Pa. 6; Schriver v. Eckenrode, 87 Pa. 213.

OPINION BY PORTER, J., October 12, 1908:

The only specification of error pressed at the argument of this case, related to the defect in the statement by plaintiff of his cause of action. The action is in trespass for deceit. The statement was very negligently and unskillfully drawn, in that it failed to aver a scienter, and it would have been held bad on demurrer: Erie City Iron Works v. Barber, 102 Pa. 156; Griswold v. Gebbie, 126 Pa. 353; Scott v. Heisner, 33 Pa. Superior Ct. 286. The statement did, however, substantially aver that the defendant represented that he was the agent of the commissioners of the county of Jefferson, authorized to employ the plaintiff to perform certain services at a fixed

compensation; that said representation was false; that the plaintiff was deceived thereby, and, acting in good faith, performed the services, to his prejudice. The plaintiff upon proof of the facts thus averred, at a trial under a statement which properly averred a scienter, would have been entitled, without further evidence, to go to the jury: Erie City Iron Works v. Barber, 106 Pa. 125; Bigelow on Fraud, 63. The defect in the statement was therefore merely formal. The defendant did not raise the question of the sufficiency of the statement by demurrer, but entered the plea of not guilty and went to trial. Had the question been properly raised at the trial the defect in the statement could have been cured by amendment. There was a trial upon the merits and the court, at the instance of the learned counsel for the defendant, instructed the jury that, in order to sustain the action, the misrepresentation must have been for the purpose of deceiving the plaintiff and was so intended by the defendant; "that he must have known that he was lying to them, and that he lied to them for the sole purpose of deceiving them." The plaintiff was thus required to prove the scienter although he had failed to allege it. The case was properly tried upon the merits. The question arising out of the defect in the statement was not distinctly and specifically raised by any exception taken at the trial, and the case falls within the rule that after a trial on the merits, no defect of pleading which could have been raised by a demurrer will be fatal to the judgment, unless it is shown to have injuriously affected the trial; the proper amendment will, in such case, be considered to have been made: Erie City Iron Works v. Barber, 118 Pa. 6; Eckert v. Schoch, 155 Pa. 530; Commonwealth v. Press Company, Limited, 156 Pa. 516. The specifications of error are dismissed.

The judgment is affirmed.