## Friend v. Hazlett.

*Deceit — Pleading — Striking off statement—Damage—Trespass—Act of May 14, 1915, P. L. 483—Practice, C. P.*

1. In an action of tresass in the nature of deceit, a material fact should be alleged in a single paragraph, and immaterial averments should not be made.

2. Punitive damages are not recoverable in an action for deceit, except in cases of extreme aggravation, vexation or oppression.

3. In such case, an allegation as to damages being material must be positive and direct, inasmuch as it must be sworn to.

Motion to strike off statement.   C. P. Washington Co., May T., 1924, No. 309.

*James Clinton Bane*, for plaintiff; *Robert E. Burnside*, for defendant.

CUMMINS, J., Aug. 18, 1924.—Plaintiff's action is in trespass. At common law it would have been an action on the case for deceit. The cause of action alleged is that defendant, by false representations as to the pregnancy and giving birth of a child by plaintiff's wife, induced plaintiff, relying on such representations, to make certain expenditures to his pecuniary loss. The case is now before the court on motion to strike off, it being contended by defendant's counsel that plaintiff's statement does not conform to the provisions of the Practice Act of May 14, 1915, P. L. 483.

From an examination of plaintiff's statement, it is apparent that this complaint is well founded. The first two paragraphs contain averments of the residence of the parties, which facts are not material to the issue. Plaintiff's statement should consist only of a statement, in concise and summary form, of the material facts which constitute his cause of action. It should be as brief as the nature of the case will permit. The third and fourth paragraphs, taken together, constitute an averment of marriage relationship, which facts should be alleged in a single paragraph. The fifth and sixth paragraphs are not material to the issue.

The representation alleged in paragraph seven to have been made by defendant, and the advice alleged in paragraph eight to have been given incidental thereto and constituting a part thereof, should more properly have been alleged in a single paragraph. The fact that the representations alleged to have been made by defendant were false, is alleged by implication in paragraph ten. This material fact should have been expressly alleged. Paragraphs eleven and twelve should be alleged in a single paragraph. The allegation contained in paragraph fourteen, to the effect that plaintiff supported his wife, is not material. Paragraphs fifteen and sixteen are wholly immaterial.

The fact alleged in paragraph eighteen of plaintiff's statement is not material to the issue, as the element of damages therein referred to is *damnum absque injuria*, punitive damages not being recoverable in an action for deceit (Erie City Iron Works *v.* Barber, 102 Pa. 156, 164; Cole *v.* High, 173 Pa. 590, 601; Curtis *v.* Buzard, 254 Pa. 61; High *v.* Berret, 148 Pa. 261), except in cases of extreme aggravation, vexation or oppression (Long *v.* McAllister, 275 Pa. 34, 39; Laughlin *v.* Hopkinson, 292 Ill. 80, 88, 126 N. E. Repr. 591, 594), to which class we are satisfied, from the averments of the statement of claim, this case does not belong.

The averment as to the amount of damages sustained, as alleged in paragraph 20 of plaintiff's statement, is defective, at least in form if not in substance. An allegation as to damages is a material averment (see section 13 of the Practice Act), and all of the material averments constituting plain-

Friend *v.* Hazlett.

tiff's statement must be sworn to: Section 9 of the Practice Act. In this case plaintiff does not make affidavit that he is damaged in the sum of $10,000, but that he has made claim for the amount.

### Decree.

And now, to wit, Aug. 18, 1924, for the reasons appearing in the foregoing opinion, plaintiff's statement of claim is stricken from the record, plaintiff to have the right to file a new statement within thirty days from the date hereof.

From Harry D. Hamilton, Washington, Pa.