## Lapinsky v. Manor Homes, Inc.

*Maurice Freedman*, for plaintiff.
*Michael A. Foley*, for defendant.

ALESSANDRONI, J., April 4, 1950.—This is an action in trespass to recover damages for personal injuries sustained by plaintiff as a result of an explosion of a gas heater. A compulsory nonsuit was entered on the theory that plaintiff had not established negligence on the part of defendant, but on the contrary had proven that he himself was guilty of negligence. We are of the opinion that plaintiff's motion to remove the nonsuit must be granted and a new trial ordered.

The uncontradicted facts disclose that defendant had constructed a row of new homes, one of which was purchased by plaintiff. These houses were heated by gas. On April 9, 1947, plaintiff was in the process of moving into his new home and was engaged quite busily in expediting the movement of his household effects from the moving van, particularly because of the inclement weather. The secretary and treasurer of de-

fendant company with whom plaintiff had negotiated for the purchase of the house arrived about noon, apparently to see how his customers were faring, and to lend his assistance to their endeavors and promote the good will of the company as homebuilders. His agency was admitted by the failure of defendant to file an answer.

When plaintiff inquired about heat, the officer of defendant told him that it wasn't necessary to call the gas company for that purpose, and offered to and did go to the basement and turn on the heater while plaintiff engaged in his activities attendant to moving into the house.

Late in the same afternoon, defendant's agent reappeared at plaintiff's home and instructed plaintiff as to the proper manner in which to turn the heat off that night and on again in the morning, assuring him that the assistance of the gas company was unnecessary. Plaintiff was not familiar with gas heaters, never having had any prior experience with them. He followed the instructions given to him and turned off the heat before retiring for the night. Early the next morning plaintiff went to the cellar, and acting upon instructions thus given to him, turned on the main switch, then the pilot light and applied a lighted match. An explosion followed, which blew him against the wall, and inflicted painful and serious injuries to his face, head and eyes.

An expert witness who arrived at the scene within an hour after the accident stated that an examination of the exploded heater unqualifiedly indicated that the accident was the result of improper lighting. He stated that the only proper method of lighting this heater under the circumstances was to light the pilot, then turn the main valve, having ascertained first that the control on the main valve was turned to a position designated as "Manual".

Plaintiff's case is predicated upon the theory that defendant's agent was negligent in advising plaintiff that it was not necessary to have the gas company light the heater and in giving plaintiff improper instructions as to the manner in which it should be done. It is clear under the evidence that defendant's agent did not advise plaintiff to set the control at "Manual", nor did he advise him to light the pilot light before turning on the main valve. It is further clear that this chattel could be and was potentially dangerous, particularly to a user who was unfamiliar with its mechanism. It was incumbent upon defendant's agent, having undertaken to advise plaintiff on the proper method of use, to give him proper and accurate instructions, especially when he had lulled plaintiff into a sense of security and diverted him from his desire and intention to appeal to the gas company for their assistance in starting the heater.

If defendant's agent had not appeared at the home, it is most doubtful whether under the circumstances he could be charged with an omission to perform a duty imposed upon him. The duty owing by defendant to plaintiff arose only when assistance was offered, instructions were given, and plaintiff diverted from his original intention to obtain the services of the gas company. Certainly plaintiff had a right to rely upon the apparent knowledge of defendant's agent whose company had constructed this row of homes and had installed this heating device. This reliance was strengthened by the conduct of defendant's agent when he successfully turned on the heater in the first instance.

A. L. I. Restatement of the Law of Torts §§310 and 311 is applicable to the present factual situation. See Elkins Bly & Co. v. McKean, 79 Pa. 493; Erie City Iron Works v. Barber & Co., 102 Pa. 156. In the former section the principle is stated as follows: An actor, who

makes a misrepresentation of fact, is subject to liability to another for bodily harm which results from an act done by the other in reliance upon the truth of the misrepresentation, if the actor should realize that it is likely to induce action by the other which involves an unreasonable risk of bodily harm and knows that he has not the knowledge which he professes. It is our opinion that the reasonable inference to be deduced from the facts in this case establish that defendant's agent was guilty of a misrepresentation of fact and knew that plaintiff would rely on the facts as given, which would cause bodily harm from this instrument which was potentially dangerous when improperly used. It is also clear that if defendant's agent instructed plaintiff in the manner in which the testimony indicates, he did not know how to use this gas heater and did not have the knowledge that he professed to have.

We also think that the second section is applicable, since it can readily be said that the business of defendant's agent included the giving of information upon which the personal security of its customers depended. The information he gave was false and caused bodily injury to one who acted in reliance upon it. Certainly it can be said that defendant's agent intended plaintiff to act upon his instructions and that defendant's agent failed to exercise reasonable care in ascertaining the accuracy of the information which he gave, or at least was negligent in the choice of language which he used in his instructions.

In considering whether plaintiff was guilty of contributory negligence we must be cognizant of the oft-repeated statement that contributory negligence will be declared as a matter of law only where it is so clearly revealed that fair and reasonable persons could not disagree as to its existence: Steffenson v. Lehigh Valley Transit Co., 361 Pa. 317, 322.

In Sargeant v. Ayers, 358 Pa. 393, 397, Mr. Justice Jones stated: "On a question as to the appropriateness of a compulsory nonsuit, the pertinent inquiry is whether the plaintiff's negligence appears so irrefutably from the evidence in his own case that to permit a jury to absolve him in the circumstances would be to elevate caprice over legally conclusive fact."

In Virgilio v. Walker & Brehm, 254 Pa. 241, 244, the court said that a nonsuit could be entered only when it is inconceivable on any reasonable hypothesis that a mind desiring solely to reach a just and proper conclusion in accordance with the relevant governing principles of law, after viewing the evidence in the light most advantageous to plaintiff, could determine in his favor the controlling issues involved.

It is contended that plaintiff was under a duty to accompany defendant's agent to the cellar when he lit the heater and could not rely merely upon oral instructions. We do not believe that such a statement is more than argumentative as a proper matter for the jury to consider. Nor can we subscribe to defendant's contention that it was perfectly obvious that the main switch should not have been turned on before lighting the pilot light since doing so controverts every rule of common sense. This plaintiff was confronted with a mechanism with which he was not familiar. We do not believe that it can be said as a matter of law that he is charged with knowledge of its operation. The authorities relied upon by defendant are not applicable. In Glancy v. Meadville Bread Co. et al., 340 Pa. 452, and Bartek v. Grossman et al., 356 Pa. 522, plaintiffs omitted to use their physical senses and thoughtlessly walked into a place of danger. In Horvath v. Morrison et al., 344 Pa. 434, plaintiff knew that the safety device on the chattel was not operating and certainly assumed the risk when she attempted to demonstrate its defectiveness and thereby sustained injury. In the instant case

the evidence demonstrates that this plaintiff was innocent and unsuspecting: Ebbert et al. v. Philadelphia Electric Co., 126 Pa. Superior Ct. 351.

We therefore conclude that the questions of negligence and contributory negligence were matters for the consideration of the jury, and the court therefore erred in entering a compulsory nonsuit.

*Order*

Now, to wit, April 4, 1950, plaintiff's motion to take off the compulsory nonsuit is granted and a new trial is ordered.