## Motovich et ux. v. Roush et ux.

*Charles W. Kugler, William M. Hargest, Jr.*, and *Donald L. Hankey*, for plaintiffs.

*W. E. Shissler, Ralph A. Sheetz* and *Richard Fox*, for defendants.

CRYTZER, P. J., June 29, 1955.—This matter comes before the court on preliminary objections by defendants to plaintiffs' amended complaint. The preliminary objections are three in number, as hereinafter set forth. The controversy arises over a transaction involving the sale and reconveyance of a tract of land between defendants and plaintiffs.

Plaintiffs allege in their amended complaint the following facts which are assumed for the purpose of this opinion:

On October 31, 1951, defendants granted and conveyed to plaintiffs a plot of ground on Linden Street in the Borough of Marysville, Perry County, Pa. Plaintiffs orally agreed to pay $500 for the plot as follows, to wit, $250 at settlement and $15 per month until the balance had been paid in full. The $250 is alleged to have been paid and $15 payments are alleged to have been made on the following dates: August 18, 1951; September 29, 1951; November 1, 1951; January 31, 1951, and January 12, 1951 (exhibits E, F, G, H and I). Thus plaintiff alleges that the balance due upon the alleged oral agreement was $175.

Between October 1951 and March 5, 1954, plaintiffs allege they constructed a one-story three-room house of cinder block construction on said land "at a cost of approximately Twenty-two Hundred and Fifty-nine Dollars and Thirty-one Cents ($2,259.31)". This cost of the construction is alleged to be set forth with particularity in exhibit A of the amended complaint.

Coming to the gist of their action plaintiffs aver that in February 1954 Helen P. Roush, one of the defendants, asked plaintiffs to give her a deed to the property and that at that time Helen P. Roush is alleged to have said that "another property of hers was involved in a sheriff sale, and if she could just show the deed to the Sheriff of Perry County the matter would be clarified and she would then destroy the deed".

Plaintiff signed the deed, allegedly improper as to form, and delivered the same to Helen P. Roush, defendant, and later plaintiffs were requested to properly execute the deed. On March 5, 1954, plaintiffs tendered the alleged balance due for the purchase price, which tender was rejected. At the time of the rejection on March 9, 1954, plaintiffs were informed that defendants had conveyed the property by a deed recorded in Perry County Deed Book 148, page 317. Thereafter defendants are alleged to have conveyed the property to Russel L. Garst.

Defendants have refused to reconvey the premises to plaintiffs or to pay the fair market price thereof. Plaintiffs allege they stand ready and willing to pay the amount of $175, being the balance they state to be due under the aforesaid oral agreement of 1951.

Plaintiffs have attached the deed from defendants to plaintiffs to the amended complaint presumably as exhibit "B". The prayer of plaintiffs' amended complaint reads as follows:

"Wherefore, plaintiffs, Nicholas Motovich and Merian Motovich, his wife, claim of defendants Helen P. Roush and Grant E. Roush three hundred and seventy five ($375.00) dollars on account of the first purchase price of the lot or plot of ground; and eighteen hundred and eighty-four ($1884.31) dollars and thirty-one cents, for expenses incurred in erecting a structure on said real property, or a total sum of two thousand two

hundred and fifty-nine ($2259.31) dollars and thirty-one cents, plus interest at the legal rate since March 5, 1954."

The first of defendants' preliminary objections is a demurrer to the complaint filed by plaintiffs claiming that the complaint fails to state a claim upon which relief can be granted because it does not state a cause of action in assumpsit. At first blush it would seem that this objection is well taken. Paragraph 7 of the complaint is termed by plaintiffs as an oral contract on the part of defendants to return a deed to defendants after it had served the purpose of showing it to the sheriff to prevent a tax sale. Defendants' allegation is that this is neither an oral nor a written contract, that it is improperly pleaded and, if admissible, would violate the parol evidence rule.

In A. L. I. Restatement of the Law of Restitution 17, §3, the principle is stated: "A person is not permitted to profit by his own wrong at the expense of another."

On the same page under "comment" it is further stated:

"The principle stated in this Section underlies the more specific rules stated in Chapter 7, by which in many causes a person who receives property as the result of a tort committed by him against another has a duty of compensating the other for the loss suffered, at least to the extent of the benefit received."

In this instant case it must be remembered that defendants conveyed the property to a third-party purchaser, who it must be remembered was an innocent purchaser for value, so that a reconveyance of the property could hardly be demanded.

"A person who has tortiously acquired or retained a title to land, chattels, or choses in action, is under a duty of restitution to the person entitled thereto. . . . If the subject matter is land, normally the right

to restitution is limited to the return of the land with the value of its use or profits, secured by a proceeding in equity, unless the land has been destroyed or sold. If the land has been sold, the right to restitution extends, at the option of the person deprived, either to the value of the land or to the amount received therefor": A. L. I. Restatement of the Law of Restitution 541, 542, §130.

In A. L. I. Restatement of the Law of Restitution 17, §4, the procedure for securing restitution is set forth as follows:

"No. 4. REMEDIES.

"In situations in which a person is entitled to restitution, he is entitled, in an appropriate case, to one or more of the following remedies:"

Skipping the other remedies it states:

"(F) a judgment at law or decree in equity for the payment of money, directly or by way of set-off or counterclaim."

Commenting on clause (F) it goes on to state (page 21):

"(e). Judgment for money. A person, who has a right to restitution other than the mere enforcement of an equitable lien, whether or not he is entitled to specific restitution, can obtain a money judgment against the recipient of the benefit, except that a person who has acquired title to the subject matter innocently can avoid an adverse personal judgment by an offer of restitution continuously kept open (see Comment a on §63 and Comment a on §123), and except that a transferee of land, upon the recission of the transaction, is not subject to liability for its value if he can restore the land."

"No. 5. FORMS OF ACTION.

"The appropriate proceeding in an action at law for the payment of money by way of restitution is:

"(a) In States retaining common law forms of action, an action of general assumpsit.

"COMMENT:

"a. As stated in the Introductory Note to this Part of the Restatement, actions at law for restitution because of unjust enrichment originated in the fiction that the person receiving the benefit had promised to pay for it and this fiction has continued to affect the form of action. In substance, the action is different from an action brought to secure damages for breach of contract, since the plaintiff seeks to be put back into his original position rather than to recover damages for the breach of promise. It is distinguished from the tort actions of trover and replevin, since in trover the element of benefit is unnecessary and in replevin the plaintiff seeks recovery because of the wrongful taking or detention by the defendant."

The gravemen of this theory is the unjust enrichment of one party as the result of that party's tortious and fraudulent behavior. Since there is not a direct allegation of either a tortious misbehavior nor of fraud on the part of defendant in plaintiffs' complaint, the court cannot foresee how a case can be made out under the present pleadings nor evidence of fraud introduced thereunder sufficient to sustain a verdict.

Paragraph 7 does not amount to an averment of fraud. There is no allegation that the statements alleged to have been made by Helen P. Roush were false at the time they were made, or that she knowingly made false representations. There is no averment that plaintiffs relied upon the aforesaid statements, or that they were induced to sign the deed averred in paragraph 8 by false statements or even that plaintiffs relied upon the statements alleged to have been made by Helen P. Roush.

In the case of Clark v. Partridge, 2 Pa. 13 (1845), a rather similar situation arose. Plaintiff in an action

of debt on an award of arbitrators made by two of three arbitrators made the following allegation:

"That at the time of signing the bond, it was verbally agreed, that the award of a majority should be final; and that the same was intended to be inserted, but omitted by a mistake of the scrivener, and by the suggestion of the defendant, that the same was unnecessary, that he would not deny his agreement, and if he did, the scrivener could prove it, &c."

Under this allegation plaintiff was permitted to prove, over defendants' objection, the fact so alleged. On appeal the Supreme Court said (page 14) :

"It is a case of fraud, not mistake. . . . The gravamen of the plaintiff's action is, that he was induced to sign the submission by the fraudulent representation of the defendant, and on this ground only, on the circumstances which attend the case, can this action be maintained."

At page 15 the court said:

"The plaintiff, however, has adopted the mode (which he may do) of filing a special declaration, in the first instance setting out facts from which the jury may infer fraud, but omitting to aver fraud, or that he was induced to sign the submission by the fraudulent representations of the defendant. In this respect the declaration is defective. On this declaration the court erred in admitting the evidence contained in the first bill. The evidence proves that the defendant was guilty of fraud, (if it proves anything,) in inducing the plaintiff to sign the contract contrary to the agreement, under the fraudulent assurance that he would abide by it in the same manner as if the stipulation had been expressed in the submission. The evidence goes beyond the averment in the declaration. The allegata and probata do not agree. I do not consider this as a mere technical objection. It is a matter of some

moment to the defendant to have his cause tried on the only and true issue. It seems to me, that the pleadings must not only be amended as to the declaration but the plea also. The only issue joined being award or no award."

This common-law concept was preserved in the Pennsylvania Rules of Civil Procedure by rule 1019(b) which states:

"(b) Averments of fraud or mistake shall be averred with particularity."

In the case of Maguire v. Preferred Realty Co., 257 Pa. 48 (1917), plaintiff brought an action of ejectment to recover possession of land which he had conveyed to defendant. He alleged that the consideration verbally agreed upon had never been paid. The declaration was amended to show that plaintiff had been promised stock in defendant corporation. The court in upholding a demurrer to the declaration said at page 52:

"The original declaration contains no allegations of fact indicating fraud, and the averments in the amendment, while, perhaps, suggesting the possibility of some fraudulent purpose on the part of Mr. Wheeler, when he secured the deed from the plaintiff, do not so charge in terms. 'Fraud is never to be presumed': Addleman v. Manufacturer's Light & Heat Co., 242 Pa. 587, 590. When there is no particular averment of a fraudulent purpose, but the circumstances detailed are depended upon as showing such to be the case, then the facts relied upon must not only be fully and unequivocally averred, but they must point with some degree of certainty to the conclusion contended for; and, in such cases, the intendments are taken most strongly against the pleader, for he is presumed to have stated all the facts involved, and to have done so as favorably to himself as his conscience will permit: Baker v. Tustion, 245 Pa. 499, 501; Little v. Thropp, id 539, 544."

Viewing the facts pleaded in paragraph 7 of the amended complaint in this light, there is nothing to show that the statements of Helen P. Roush were false when made or that plaintiffs relied upon these representations.

The elements of a cause of action based upon fraud have not been pleaded by plaintiffs. These elements are set forth in 3 Standard Pa. Practice 499:

". . . the complaint should allege scienter. . . . It should also be averred that the representations were made with fraudulent intent for the purpose of inducing the plaintiff to act upon them, that he did, in fact, rely upon them, and to what extent."

The defect in failing to allege scienter alone is sufficient to sustain this demurrer. In Windows v. Rudolph, 37 Pa. Superior Ct. 264 (1906), the court said at page 265:

"The statement was very negligently and unskillfully drawn, in that it failed to aver a scienter, and it would have been held bad on demurrer: Erie City Iron Works v. Barber, 102 Pa. 156; Griswold v. Gebbie, 126 Pa. 353; Scott v. Heisner, 33 Pa. Superior Ct. 286."

It is necessary for plaintiffs to assert, if true, not only that the representations made by Helen P. Roush were false, but also that she knew them to be false at the time they were made.

Defendants' first preliminary objection is sustained to the extent that the complaint as pleaded does not state the requisite grounds for a cause of action in assumpsit.

Defendant's second preliminary objection is a motion to strike off the complaint alleging: (a) Plaintiff's complaint does not conform to Pennsylvania Rule of Civil Procedure 1019(h) in that it fails to state whether the claim therein set forth is based upon a writing, and if it is so based, it fails to set forth the

writing whereon suit is brought; (b) paragraphs 9, 10, 11, 12, 13 and 14 of plaintiffs' complaint, as stated, are impertinent in that the facts therein averred are wholly unrelated to the claim, if any, asserted by plaintiffs; (c) paragraph 6 of plaintiffs' complaint and particularly exhibit A made a part thereof, as stated, is impertinent in that it is inconsistent, vague and indefinite.

Defendants' third preliminary objection is, like the second, in the alternative and is a motion for a more specific complaint because: (a) Paragraph 6 of plaintiffs' complaint and particularly exhibit A thereof is not sufficiently specific in that the special damages therein asserted are not set forth and itemized with particularity as to dates, amounts, identity of items and the names and addresses of persons to whom paid, etc.

These objections will be considered together inasmuch as the same answers apply in large part to all of them.

The complaint does not show a claim based on a writing but apparently is based on the unjust enrichment theory resulting from tortious and fraudulent misbehavior of the enriched parties. When, and if, the first objection (the demurrer, supra) is met by filing an amended complaint this objection in reference to the written or oral contract will of necessity be amended.

Defendants' objections to paragraphs 9 to 14, inclusive, are overruled in that the allegations set forth in the paragraphs could be pertinent on the bona fides of the parties involved which is of paramount importance in an action based on the unjust enrichment theory. As stated in Steinert v. Galasso, 163 Pa. Superior Court 576, 581:

"IV. The circumstances of this case call for the application of Pa. R. C. P. No. 126, 12 PS Appendix:

'The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties'.

"This rule itself has been liberally interpreted, and it has been invoked where the strict application of other pertinent rules would work an injustice. Arzinger v. Baughman, 348 Pa. 84, 34 A. 2d 64; McKay v. Beatty, 348 Pa. 286, 35 A. 2d 264. And where there has been technical irregularity which has not harmed defendant, the rule has saved just but procedurally incorrect verdicts. Di Gregorio v. Skinner, 351 Pa. 441, 41 A. 2d 649. 'Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives': McKay v. Beatty, supra, p. 286, by Mr. Justice Horace Stern."

Defendants' objection that paragraph 6 is impertinent is overruled for the same reason. However, defendants' objection that paragraph 6 is indefinite and vague is sustained.

Defendants' motion for a more specific complaint as set out in their final objection, (a) Paragraph 6 of plaintiff's complaint and particularly exhibit A thereof is not sufficiently specific in that the special damages therein asserted are not set forth and itemized with particularity as to dates, amounts, identity of items and the names and addresses of persons to whom paid, etc., is sustained.

Plaintiffs' amended complaint, and particularly exhibit A thereof, does not make proper claim for damages. Since any damage plaintiffs sustained by reason of the loss of the cinder block structure erected upon the premises in question was purely a consequential damage resulting from their loss of title to the land,

such damages are special in nature: Pennsylvania Rule of Civil Procedure 1019(*f*) provides:

"(f) Averments of . . . items of special damage shall be specifically stated."

In the case of Grimes v. City of Scranton, 42 Lack. 37 (1940), the complaint averred liquidated damages without specifying the precise nature thereof. The court held that:

". . . to the extent that plaintiff has failed to set forth such items of damage as are clearly liquidated, are defective. Defendant is entitled to be informed with exactness of the specific items for which expenditures have been made, the rate of payment and the persons to whom paid."

Again in the case of Krulawecz v. Hudson Coal Co., 42 Lack. 122 (1940):

"As to Paragraph 14 of the statement, there is no question that defendant is entitled to have stated with particularity the items of expense which have become liquidated by actual expenditure or by contractual obligation, and to have definitely stated the amount claimed by way of compensation for specific classification of damages."

See also 3 Standard Pa. Practice 170 and 237.

Damages which do not follow as a necessary consequence of the injury complained of, or which the law does not necessarily imply by reason of the act complained of, are special damages and must be alleged with particularity. See Parsons Trading Co. v. Dohan et al., 312 Pa. 464 (1933).

### Order

And now, to wit, June 29, 1955, defendants' preliminary objections are sustained as hereinbefore set forth as to the demurrer, the motion to strike off as set forth in their objection listed as 2(a) raising the objection as to whether the claim was oral or in writ-

ing, and their motion for a more specific complaint; defendants' motion to strike off as set forth in 2(b) regarding the impertinency of paragraphs 9 to 14, inclusive, is overruled as is their motion to strike off as set forth in 2(c), which claimed paragraph 6 to be impertinent but is sustained so far as it sets forth the need for a more specific complaint.