## Martin v. Adams.

*Robert Ruppin*, for plaintiff and rule.

*George T. Hambright* and *John E. Malone*, contra.

GROFF, J., Jan. 19, 1929.—This is a motion for a new trial, for which the plaintiff assign six different reasons. We have examined them all and find no virtue in any of them, unless it be the first one. All the reasons, therefore, except the first one, will be dismissed without discussion.

The first reason assigned is: "The court erred in refusing to admit in evidence in rebuttal the testimony of Esther Rottmund that she had heard the defendant say, immediately after the accident, that he had not seen the plaintiff approaching."

The record shows that the defendant's attention was not called to this fact when he was on the stand, and that no reference was made to it until after plaintiff's and defendant's testimony in chief had closed. Plaintiff's counsel then called Esther Rottmund and said: "We offer to show by this witness that she heard Adams say after the accident that he did not see Martin's car." This was objected to by defendant's counsel, and the reason for the same not being stated, except as in the above offer, the question was disallowed by the court. Was that error? We think it was.

The object of all trials where facts are involved is for the court to so control the introduction of evidence that all evidence and material facts may be brought before the jury so that it can reach a correct conclusion.

In Devall v. Burbridge, 6 W. & S. 530, 539, it is said: "There is a discretion in a court as to the order of receiving testimony; but it must be a strong case which will allow a court to reject evidence, because not offered at the right time, which may be decisive of the merits of the case."

And this same view as to the order in which testimony may be admitted is expressed in Continental Ins. Co. v. Delpeuch, 82 Pa. 225, 234.

The plaintiff's case here was built upon the following facts: That as plaintiff was driving eastward, in or near the Borough of Akron, on the day in question, the defendant, without any notice or warning, drove his car diagonally across the street on which plaintiff was passing, compelling plaintiff to turn sharply to the right, thereby causing plaintiff's car to upset, damaging it. Defendant, in his defense, testified that he saw plaintiff approaching before he started his truck, that he was on the right-hand side of the road, plaintiff "turned to get away from me and his hind wheel caught my left wheel, the left front wheel, and scooped him a little toward the gutter. It is slanting off a little. It slid him across the street where you could see the marks." In answer to "Q. How far away was it when you first saw him? A. Well, about half way. You know where that is. About half way between where I was hit and the square. Q. About 350 feet?" And it seems to have been agreed between counsel that that was about the distance plaintiff was away from the defendant when defendant first saw him.

If defendant saw the plaintiff approach, he would probably act in a very different manner than if he did not, and if he did say immediately after the accident that he didn't see plaintiff approach, and on the day of the trial that he did see him coming for 350 feet, then it seems to me those two statements, at least, would bring his veracity into question, and the rebuttal which was disallowed would be material evidence.

In Stetson v. Croskey, 52 Pa. 230, it was held that "As a general rule, a plaintiff cannot give evidence in rebuttal which might be given in chief; but when the defense is new matter, conflicting inferentially, not directly, with plaintiff's case, he may rebut it, although the evidence might have been admitted in chief."

It seems to me that the defendant's evidence was new matter conflicting inferentially with plaintiff's evidence in chief, and that the rebuttal offered was material evidence in the case and should have been admitted. I think, however, that plaintiff should have called defendant's attention to this particular fact in his cross-examination, but, having failed to do that, it seems to me that exact justice requires that a new trial be granted.

The rule is, therefore, made absolute and a new trial granted.